ODOM *et al.,* commissioners, *v.* McDILDA *et al.*

HINES, J. 1. Where county commissioners were cited for contempt for disobedience of a judgment making a mandamus absolute and requiring them to repair a public road; and where they filed both a demurrer and an answer to the contempt proceeding, in the latter of which they denied wilful and contumacious disobedience of the mandamus judgment, on account of which they prayed to be discharged

and acquitted of said contempt and alleged certain facts on account of which they prayed for a modification of the mandamus judgment; and where the judge, after hearing evidence and without passing any order expressly overruling the demurrer, rendered judgment declining to modify the judgment for disobedience of which the commissioners were cited for contempt, sustaining the petition in the contempt proceeding, and adjudging the commissioners in contempt, such judgment was a final one to which the commissioners could sue out a writ of error to this court to review the same, although there was a provision in this judgment withholding infliction of any penalty for contempt, and permitting the respondents to purge themselves of the contempt by immediately beginning work on said public road; and a motion to dismiss the bill of exceptions, on the ground that the judgment excepted to was not final, and on the further ground that a reversal would be of no benefit to plaintiffs in error, is refused, it appearing that the commissioners did not purge themselves of contempt under the provision of said judgment. If the judgment in the contempt proceeding had been rendered as claimed by the respondents, it would have been a final disposition of the case. Civil Code (1910), § 6138; *Head* v. *Marietta Guano Co.*, 124 *Ga.* 983 (53 S. E. 676); *Reed* v. *Warnock*, 146 *Ga.* 483 (91 S. E. 545); *Littlefield* v. *Town of Adel*, 151 *Ga.* 684 (108 S. E. 56).

2. A decision by a court of competent jurisdiction on an application for a mandamus, awarding the writ, can not thereafter be questioned collaterally by any of the parties, and the same is conclusive until reversed or set aside; and there was no error in adjudging the commissioners to be in contempt for refusing to obey it. *Ficklen* v. *Washington*, 141 *Ga.* 441 (81 S. E. 123).

3. Where in a proceeding under the Civil Code (1910), § 5441, a mandamus absolute is rendered, requiring the county commissioners to repair a public road, and where they fail to obey the judgment requiring them to repair such road, and are cited for contempt, it is not a legal excuse for their disobedience of such judgment that a proceeding for the discontinuance of said public road has been instituted since the mandamus judgment was rendered, and is pending; no judgment discontinuing such road having been rendered, and it being the duty of the commissioners to obey such judgment until reversed or set aside.

4. The judgment of the commissioners discontinuing this highway as a public road, passed since the judgment in the contempt proceeding, furnishes no reason for reversing the latter judgment, which must stand upon the facts as they existed at the time of its rendition. Whether the judgment of the proper tribunal, discontinuing this public road, would thereafter relieve the defendants from contempt, is not now before this court for decision, the court below not having made any ruling on this question. See *Marietta Chair Co.* v. *Henderson*, 121 *Ga.* 399 (6) (49 S. E. 312, 104 Am. St. R. 156, 2 Ann. Cas. 83).

*Judgment affirmed. All the Justices concur, except Russell, C. J., and Atkinson, J., dissenting.*

No. 3508.  MAY 21, 1923.

44

Attachment for contempt.   Before Judge Hardeman.   Toombs superior court.   October 5, 1922.

*Enoch J. Giles,* for plaintiffs in error.

*Williams & Corbitt,* contra.