## SMITH v. SMITH.

HINES, J. 1. In all suits for divorce the party applying shall render a schedule, on oath, of the property owned or possessed by the parties at the time of the application, or at the time of the separation, if the parties have separated. Civil Code (1910), § 2954. Under this section, if the parties are living in a state of separation, the schedule, on oath, of the property owned or possessed by the parties at the time of the separation, shall be rendered by the party applying for the divorce. If the parties are not living in a state of separation, then such schedule shall embrace the property owned by the parties at the time of the application for divorce. This is the plain language of the statute, and it does not need construction.

2. The parties in this case had separated prior to the filing of the libel for divorce, and were living in a state of separation at the time the libel was filed by the husband for divorce. He rendered on oath a schedule of the property owned or possessed by him at the time of the separation. This fully complied with the requirement of the above section of the Code; and the court erred in passing an order requiring him to file a schedule of the property owned by him at the date of the filing of his petition for divorce.

3. After hearing the evidence in the case, the trial judge ordered that the husband pay to the wife, beginning with the month of November, 1925, the sum of $300 per month, pending the final hearing or further order of the court, and that the wife have the use of the home of the husband free of rent until the further order of the court. The judge further ordered that the plaintiff pay $500 as counsel fees for the wife's attorneys. To this judgment the husband excepts, upon the ground that the same is contrary to law. The parties separated in May, 1922. The husband's libel for divorce was filed on September 17, 1925. From the date of separation until November 1, 1925, the husband made monthly allowances for the support of the wife of $300, and permitted her to live in his home free of rent. The husband paid an income tax for the year 1922 on $12,983. The net earnings of the husband for the year 1923 were $6,379. For the year 1924 he paid an income tax on $20,000. The husband estimated that his earnings for 1925 would amount to $10,000. In these circumstances we can not hold that the judgment of the court awarding alimony and attorneys' fees is contrary to law, and that the trial judge abused his discretion in the grant of temporary alimony and counsel fees; the court in effect having awarded the wife temporary alimony in the amount which the husband had been voluntarily paying her prior to the filing of his libel for divorce, and the amount awarded her as attorneys' fees not being so excessive as to amount to an abuse of the discretion vested in the trial judge under the law.

4. The other assignments of error are not referred to or insisted upon by counsel for the plaintiff in error in their brief, and for this reason we treat them as abandoned.

5. The judgment of the court below is affirmed with direction that the order of the court requiring the plaintiff to file a schedule of the property owned by him at the date of the filing of his application for divorce

be set aside, and that the schedule filed in compliance with said order be. stricken from the files.

*Judgment affirmed, with direction. All the Justices concur.*

No. 5274. JUNE 18, 1926.

Temporary alimony. Before Judge Humphries. Fulton superior court. December 17, 1925.

*Paul S. Etheridge* and *Lovick G. Fortson,* for plaintiff.

*Austin & Boykin,* for defendant.