## BROWN *v.* BROWN.

No. 7175. December 13, 1929.

*McClellan & Jacobs,* for plaintiff in error.
*Wallace Miller,* contra.

BECK, P. J. Robert Brown filed suit for divorce against his wife, Mary Brown, on February 11, 1929, alleging cruel treatment by her. The wife filed a cross-petition for divorce, alleging cruel treatment on the part of the husband, and praying for alimony, temporary and permanent. On hearing, April 2, 1929, the judge passed an order requiring the husband to pay to the wife as temporary alimony $30 twice a month; and to pay to counsel for the wife $250 as attorney's fees for representing the wife and prosecuting her cross-action to final judgment. The order required the attorney's fees to be paid in five equal monthly installments of $50 each, beginning May 1, 1929. To this judgment the plaintiff excepted. He contends that the judgment was contrary to law, and

that the allowance of alimony and counsel fees in the amounts stated was an abuse of discretion on the part of the court. On April 6, 1929, the judge passed a supplemental order awarding the wife pendente lite the use of the following property belonging to the husband: one iron bed, 1 chifforobe, 2 rocking-chairs, 4 chairs, 1 art square, two small rugs, 1 oil stove, one half of the cooking utensils, one half of the dishes, and one small table. This order gave the wife the right to remove this property off the premises of the husband. The plaintiff excepted, contending that the court was without authority to pass such order awarding temporary use of the husband's personal property to the wife, and insists that the order was illegal and without authority to support it.

The evidence introduced by the parties on the hearing of the application for temporary alimony was conflicting; that introduced by the wife tending to show cruel treatment on the part of the husband, and evidence introduced by the latter tending to show cruel treatment on the part of the wife. There were acts testified to by the affidavits submitted by the wife, amounting to extreme cruelty; and there were affidavits introduced by the husband, showing great cruelty at times on the part of the wife. There were other affidavits tending to show exculpatory facts for both parties. As to his financial condition, the plaintiff testified: "I own the house where I live, for which I gave fourteen hundred dollars. I bought it on the installment plan. On this I now owe the Continental Trust Company of Macon, Ga., $375, which I had to raise by mortgaging my home in order to pay $1200 that I had indorsed for a friend. I am having to pay this mortgage off at the rate of $50 per month, to the Continental Trust Company. I also own another little place for which I agreed to pay $1200 on the installment plan. On this I owe $500 now, which becomes due next February. I am paying 8 per cent. interest on this, $20 in February and $20 in August. My salary at the post-office, after the deductions required by the government are taken out, is $81 twice a month. I rent my house with the $500 mortgage on it for $10 per month, paying the renting agent $1 out of that for commissions. This gives me a monthly income of $171. I have always supported my wife and child the best I could. I have provided her with food, clothing, shelter, and all the comforts of life, and would be able to get along with her but for her ungovernable temper. I never have been cruel

to my wife." There were many witnesses introduced by both parties who gave testimony corroborating the statements made by each.

Under the conflicting evidence in the case, it is manifest that the court in the exercise of his discretion was authorized to award temporary alimony. That is a matter entirely within the discretion of the trial judge, for it was within his province to pass upon the credibility of the witnesses. And if the evidence was such that in his mind it was doubtful as to who was more largely to blame for the scenes of strife and violence in the life of this conjugal pair, it was still the duty of the judge to allow a reasonable amount as temporary alimony for the support of the wife and for her attorney's fees, to enable her to support herself until the final trial of the case and enable her to employ counsel to assert her rights before a jury.

The judge did not abuse his discretion in passing the supplemental order allowing the wife the use of certain articles of household goods specified in his order. See *Smith* v. *Smith*, 162 *Ga.* 349 (133 S. E. 842); *Dougherty* v. *Dougherty*, 150 *Ga.* 206 (103 S. E. 168). Orders supplemental to the order allowing temporary alimony are frequently passed, and this court has in more than one case recognized the authority of the trial judge to make such orders. *Jennison* v. *Jennison*, 136 *Ga.* 202 (71 S. E. 244, Ann. Cas. 1912C, 441); *Woodall* v. *Woodall*, 136 *Ga.* 700 (71 S. E. 1099). Numerous other decisions by this court might be cited.

But it is earnestly urged in this case that the judge erred because the amount allowed for temporary alimony and for counsel fees is excessive and amounted to an abuse of discretion on the part of the trial court. The testimony of the husband as to his income, the amount of his property and his debts, is not seriously contested by the other side, nor put in issue by the evidence. It is manifest that the amount allowed as temporary alimony and counsel fees is large, in view of the husband's financial resources; but after considering all the evidence upon that subject, we can not say that the court abused his discretion in making the allowance.

*Judgment affirmed. All the Justices concur.*