19797.   SPENCE *et al. v.* THE WOODMAN CO., INC.
19798.   ATLANTA DISTRICT LODGE NO. 46 OF INTERNA-
TIONAL ASSOCIATION OF MACHINISTS *v.* THE
WOODMAN CO., INC.

Submitted September 12, 1957—Decided October 15, 1957.

*Robert L. Mitchell, Mitchell & Walters,* for plaintiffs in error. *Henry M. Hatcher, Jr., Johnson, Hatcher & Meyerson,* contra.

HEAD, Justice. ■ Where a petition is fatally defective in that it does not set forth a cause of action, it may be attacked by oral motion to dismiss in the nature of a general demurrer at any time before verdict. *Gibbs* v. *Forrester,* 204 *Ga.* 545, 549 (50 S. E. 2d 318); *Pearson* v. *George,* 209 *Ga.* 938, 946 (77 S. E. 2d 1); *Bennett* v. *Rewis,* 211 *Ga.* 507, 509 (87 S. E. 2d 52).

An unincorporated voluntary association is not such a legal entity as to be subject to suit under the laws of this State. *Walker* v. *Grand International Brotherhood of Locomotive Engineers,* 186 *Ga.* 811, 819 (199 S. E. 146), and citations. See also *Board of Education of Baker County* v. *Hall,* 189 *Ga.* 615 (7 S. E. 2d 183); *Howard* v. *Betts,* 190 *Ga.* 530 (9 S. E. 2d 742).

In the present case the plaintiff alleged that the unincorporated association of persons might be represented by the defendants Jesse Baker, William Hayes, and Sam Spence, "members thereof." Whether or not the petition was sufficient as a class action under Code § 37-1002, and the decisions of this court, need not be determined on the motion to dismiss. Stripped of all conclusions, the petition is sufficient to state a cause of action against the individual defendants Sam Spence, William Hayes, and Jesse Baker, who were named as defendants, and who were duly served. A general demurrer, or a motion to dismiss in the nature of a general demurrer, will not be sustained where the petition states a cause of action for any of the relief prayed against any of the defendants named therein.

The Atlanta District Lodge No. 46, being an unincorporated association of persons, might have demurred specially to its joinder with persons named as individual members. *O'Jay Spread Co.* v. *Hicks,* 185 *Ga.* 507, 513 (195 S. E. 564). This was not done, and it was not error for the court to overrule a general motion to dismiss on behalf of all the defendants, since the petition did state a cause of action for relief against the individuals named therein.

■ The uncontradicted evidence established that Jesse Baker, William Hayes, and Sam Spence, alleged to be members of At-

lanta District Lodge No. 46 of the International Association of Machinists, were not members of the unincorporated labor organization named. Consequently, the plaintiff was not entitled to any relief against Atlanta District Lodge No. 46, since those named as representative of the members thereof have no official connection with, or membership in, such union. It is axiomatic that a class action can not be maintained by suing and serving persons who are not members of the class. The evidence, therefore, is insufficient to sustain the granting of any relief as against the unincorporated association.

■ The evidence of any violation of the temporary restraining order by the defendants Sam Spence and Jesse Baker is not conclusive, and did not demand a finding that these defendants had violated the restraining order. Sam Spence and Jesse Baker were named as defendants, were served, and had notice of the original restraining order; and the evidence is sufficient to sustain the judgment holding them in contempt. This judgment is therefore affirmed.

The other defendants, Bobbie Miller, Andy Nix, and Sam Harris, adjudged to be in contempt of the trial court, were not named as defendants in the petition, were not served with process, and there is no evidence in the record to sustain a finding by the trial court that they had actual notice of the restraining order and wilfully violated it.

The contemptuous violation of a court's order may be punished though the party charged with such violation was not a party to the proceedings. In such a case it must be alleged and proved that the contemnor had actual notice of the order for disobedience of which he is sought to be punished. *Carson* v. *Ennis*, 146 *Ga.* 726, 729 (6) (92 S. E. 221, L. R. A. 1917E 650) ; *Patten* v. *Miller*, 190 *Ga.* 152, 160 (7) (8 S. E. 2d 786). The rule in Georgia is also the general rule. 12 Am. Jur. 409, § 27; 17 C. J. S. 23, § 18.

In the present case the testimony of N. W. Heyward, president of the Woodman Company, Inc., to the effect that he mailed copies of the injunctive order to employees whose names appeared on a list, is wholly insufficient to show actual notice. It is not shown that the list referred to was a correct list, or a complete list, that the defendants' names appeared thereon, that the residence and street address of such defendants appeared on the list;

and the testimony of this witness was otherwise insufficient to comply with the rules pertaining to notice by United States mail. The judgment of the court holding these three defendants in contempt, based on an alleged violation of the original restraining order, must be reversed.

There is no merit in the contention that the judgment in the contempt proceeding is not such a final judgment as may be reviewed by this court. *Odom* v. *McDilda*, 155 *Ga.* 688 (117 S. E. 649).

*Judgment affirmed in part and reversed in part in both cases. All the Justices concur.*