### 20474. MORRISON *v.* MORRISON.

WYATT, Presiding Justice. The sole question in this case is whether or not the evidence was sufficient to authorize the jury to grant a total divorce to the defendant in error. The wife, the defendant in error, among others things, testified: "My husband has been consistently and constantly sarcastic. He has belittled me before the children. He did tell me that as long as I had a roof over my head and was getting three meals a day I had no 'bitch' coming and should say no more. My husband said to her [their small daughter] 'Carol, don't you know you can't believe anything your mother says?' " She further testified that the plaintiff in error said to her, " 'That the church was full of hypocrites and that he did not see how any intelligent person could believe in God.' He threatened me with divorce at any time we tried to work out our difficulties. He said, 'We will just get a divorce. We can't get along.' He said, 'We might as well get a divorce. I never have loved you, I don't love you now. I don't know what love is. We might as well get a divorce.' " The wife further testified in substance that, after eighteen months separation, she could not remember in specific detail the sarcastic things he said, but that he was constantly saying things of that nature; that it grew worse and reached the point where she could no longer endure the treatment, and that it was injuriously affecting her health. The jury was authorized to find that on two separate occasions the plaintiff in error accused his wife of acts of infidelity with a different man on each occasion. The wife denied the charge. The jury was, of course, authorized to believe her testimony. This evidence was sufficient to authorize the jury to grant a divorce under the provisions of Code (Ann.) § 30-102 (10). See

*Wilkinson* v. *Wilkinson,* 159 *Ga.* 332 (125 S. E. 856) ; *Smith* v. *Smith,* 167 *Ga.* 98 (145 S. E. 63) ; *Morris* v. *Morris,* 202 *Ga.* 431 (43 S. E. 2d 639). We have examined the authorities cited by the plaintiff in error, and find that all of the cases cited differ on their facts from the instant case. It follows from what has been said above, the judgment under review was not error for any reason assigned.

*Judgment affirmed. All the Justices concur.*

ARGUED MAY 12, 1959—DECIDED JUNE 5, 1959.

*Frank A. Bowers,* for plaintiff in error.
*James A. Mackay, Dan E. McConaughey,* contra.