## 28614. MALOOF v. MALOOF.

MOBLEY, Chief Justice. Ramon B. Maloof appeals from the judgment finding him in contempt for failure to comply with the terms of a temporary alimony judgment, and modifying the terms of the former temporary order. Counsel for the appellant states that there is no transcript of the evidence at the hearing.

1. There is no indication from the record that there has been a final judgment and decree in the divorce and alimony action between the parties. An order allowing temporary alimony is subject to revision by the court at any time. Code § 30-204; *Brown v. Brown,* 169 Ga. 580 (2) (151 SE 14); *Smith v. Smith,* 222 Ga. 313 (1) (149 SE2d 683).

The trial judge had authority to modify the former temporary order by awarding the wife the use of a station wagon formerly awarded to the husband, and in the absence of a transcript of the

evidence, we must assume that the evidence authorized such award.

2. There is no merit in the contention that the judge had no authority to order that the wife receive the proceeds from the sale or other disposition of the defunct business of the husband to reimburse her for payments for utilities and other obligations which the husband was required to pay under the previous order.

3. The former order requiring the husband to "timely make all required payments in order to satisfy and keep current all mortgages and encumbrances existing against the parties' said residence located at 1696 Wawona Terrace, Atlanta, DeKalb County, Georgia," was not too broad and vague to be enforceable in contempt proceedings.

4. In the absence of the evidence at the hearing, this court can not say that two weeks was an unreasonable time to allow the husband to make the delinquent payments on the mortgages.

5. The requirement of the temporary order that the husband pay the utility bills of his wife and children, general assessments against their residence, usual medical and dental bills for the children, and usual and unusual costs of clothing for the children, was not too vague to be enforceable by contempt. Compare *Hunnicutt v. Sandison,* 223 Ga. 301 (2) (154 SE2d 587).

6. The temporary order provided that "each party is enjoined from discussing the other party with either of the children; except in the most unusual and most unlikely circumstance that the child's morals and welfare require any such discussion." The husband was adjudged in contempt of this item, and deprived of any further visitation with his children.

While the trial court could have required the parties to refrain from making derogatory remarks about the other before the children, the order enjoining any discussion of the other party was unreasonable and void. The trial judge therefore erred in finding the husband in contempt for violating this item of the order, and in depriving him of visitation privileges.

*Judgment affirmed in part; reversed in part. All the Justices concur.*

SUBMITTED JANUARY 25, 1974— DECIDED MARCH 7, 1974.

*Hendon, Egerton & Harrison, M. W. Hendon,* for appellant. *Robert W. Cole,* for appellee.