## 32527. WILKERSON v. TOLBERT et al.

Marshall, Justice.

Mrs. Emma Jean Wilkerson appeals from an order of the Fulton Superior Court holding her in contempt. For that contempt, the appellant has been sentenced to twenty days in the common jail of Fulton County. The appellant argues that the court erred in holding her in contempt of an order to which she was not a party. We affirm.

Evidence introduced at trial supports the following reconstruction of the facts:

On March 27, 1974, the appellee in this litigation, Hubert Tolbert, and the daughter of the appellant, Linda Jean Tolbert, were divorced. Custody of the minor child of that marriage was placed in the appellant's daughter.

In October, 1975, the appellee filed an action with the Superior Court of Fulton County seeking a modification of the prior court order with regard to custody of the child. On December 3, 1975, a hearing was held on this request. Both the appellee and the appellant's daughter made personal appearances and were represented by counsel.

By an order of the court dated December 5, 1975, custody was vested in the appellee. The appellant's daughter was ordered to return the child to the appellee, but she desisted, and took the child out of the state.

On December 29, 1976, the appellee somehow learned that his child would be passing through Hartsfield International Airport in the custody of the appellant and the appellant's husband. At that time, the appellee attempted to obtain the custody awarded him by court order.

When the appellee confronted the appellant and the child, a sharp exchange ensued and airport security officers intervened. The security officers contacted the Presiding Judge of the Superior Court of Fulton County for instructions.

The presiding judge, by telephone, spoke with the appellant's husband. The judge permitted the child to remain with the appellant and the appellant's husband, conditioned upon a promise to appear with the child in court the next morning. That promise was made by the appellant's husband.

The child, the appellant, and the appellant's husband removed themselves to the home of the appellant's son in Smyrna. At that time, the appellant phoned her daughter, the child's mother, in Florida. Several calls were made that night concerning the impending court appearance.

During the night, the appellant's husband became ill and was taken to a hospital. The appellant and the child went to the hospital. The appellant's niece was contacted and originally was asked to meet the child's mother when she arrived in Atlanta for the hearing. The niece was later asked by the appellant's daughter to fly with the child to Florida, a request with which she complied.

When the niece arrived at the hospital, the appellant gave her the child. The appellant instructed her niece to put the child on the plane under an alias. The niece was expressly told not to use the child's real name. The appellant supplied her niece with the funds necessary for the purchase of a plane ticket.

On the morning of the scheduled appearance in court, a deputy sheriff was sent to the hospital to locate

the child. When the deputy arrived at the hospital, the appellant told him that the appellant's daughter had come and taken the child to Florida. Later, when her niece returned from Florida, the appellant instructed the niece to lie about the circumstances surrounding the child's departure from Georgia.

The trial court did not hold the appellant in contempt of the telephone order of December 29, 1976, to have the child in court on the following morning. The contempt is grounded upon the court order of December 5, 1975, vesting custody of the appellant's granddaughter in the appellee.

The appellant asserts that she may not be held in contempt of an order to which she was not a party. Although that may be the general rule, such is not the invariable rule in Georgia, however. "The contemptuous violation of a court order may be punished though the party charged with such violation was not a party to the proceedings. In such a case it must be alleged and proved that the contemnor had actual notice of the order for disobedience of which he is sought to be punished." *Spence v. Woodman Co.,* 213 Ga. 573 (100 SE2d 435) (1957). Accord, *Patten v. Miller,* 190 Ga. 152 (8 SE2d 786) (1940); *Carson v. Ennis,* 146 Ga. 726 (92 SE 221) (1917).

"The proper administration of justice demands that courts have the power to enforce their orders and decrees by contempt proceedings. Disobedience to the lawful order of a court is an obstruction of justice, and for such a violation the court, in order to compel respect or compliance, may punish for contempt." *Griggers v. Bryant,* 239 Ga. 244, 246 (236 SE2d 599) (1977). *Spence, Griggers* and the case sub judice reflect a recognition that a court's contempt power must be broad enough to reach those who, while not a party to a decree, seek to subvert the effectuation of a court's decree.

The trial court held that the appellant had notice of the appellee's custody rights under the court's decree. There is ample evidence to support that conclusion. The appellant had testified at the hearing at which the appellee was awarded custody of the child. The appellant's son testified that in March of 1976, the appellee's child was hidden in a closet, passed over a back

fence to neighbors and spirited away to Phenix City, Alabama, when the appellee arrived at the appellant's home with police to enforce the custody award. The appellant had been told of her husband's conversation with the Presiding Judge of Fulton Superior Court and of the obligation to bring the child to court the following morning. In light of this evidence, we find no basis for reversing the court's determination as to notice. *General Teamsters Local No. 528 v. Allied Foods,* 228 Ga. 479 (186 SE2d 527) (1971); *Carroll v. Celanese Corp.,* 205 Ga. 493 (54 SE2d 221) (1949).

The legal requirements for holding an individual in contempt for violation of a court order to which he or she was not a party, have been met. That being so, the question of whether a contempt has occurred is for the trial court, and its determination will be overturned only if there has been a gross abuse of discretion. *Berman v. Berman,* 232 Ga. 342 (206 SE2d 447) (1974); *Yancey v. Mills,* 210 Ga. 684 (82 SE2d 505) (1954); *Wagner v. Commercial Printers, Inc.,* 203 Ga. 1 (45 SE2d 205) (1947). We find no abuse of discretion.

*Judgment affirmed. All the Justices concur, except Jordan and Hall, JJ., who dissent.*

ARGUED JULY 12, 1977 — DECIDED SEPTEMBER 6, 1977 — REHEARING DENIED SEPTEMBER 28, 1977.

*J. Melvin England,* for appellant.
*Dennis C. O'Brien,* for appellees.