### 36146. SCHISELMAN v. TRUST COMPANY BANK et al.

HILL, Justice.

Trust Company Bank brought a civil action against Schiselman and Schiselman's company, M&R Supplies, Inc., d/b/a Micro-Chem, to recover approximately $190,000, to enjoin the defendants from diverting, using or ridding themselves of assets and property, and to appoint a receiver. Trust Company alleged that Schiselman had altered a United States Treasury check in the amount of $1,463.87 by adding a 19 to make the check read $191,463.87. Schiselman subsequently withdrew the funds. On November 14, 1979, the trial court entered an order providing that the defendants be "temporarily restrained and enjoined until further order of this Court from diverting, dissipating, using, transferring or otherwise getting rid of any and all property and money of every kind owned or in the possession of either of said defendants, excepting only the use

of property or money for normal everyday living expenses." Also on November 14, a receiver was appointed; his powers were spelled out at length in an order dated November 19, 1979. Schiselman was permitted to remain with Micro-Chem as an employee and was paid a salary. An interim consent judgment was entered in favor of Trust Company and against the defendants on December 11, 1979, in the amount of $177,271.73 plus interest.

On January 10, 1980, the receiver filed with the court a report and application for sanctions and direction. In his report, the receiver stated that he had discovered on December 17 that Schiselman had on November 20 factored $17,151 worth of Micro-Chem invoices with Cahill Associates, Inc., for $13,615, but that restitution had been made upon demand and Schiselman had assured the receiver that he had made no other unauthorized transactions. However, the receiver's report further stated that on January 3 it was discovered that Schiselman had on December 17 opened a bank account in the name of Micro-Chem at the Citizens & Southern National Bank and that he also was maintaining a bank account in the name of Micro-Chem with National Bank of Georgia opened prior to the receivership but concealed from the receiver.

The receiver further stated that beginning on or about November 20, Schiselman had surreptitiously begun factoring accounts receivable of Micro-Chem with Action Capital Corporation and had continued this practice at least until December 17, receiving advances totaling approximately $48,000. Schiselman used $6,497 from an Action Corporation check for $17,105 to open the Citizens & Southern Bank account on December 17. The report stated that the C&S account as of January 2 was overdrawn by approximately $20,000.

The receiver requested that the court issue an order requiring Schiselman to appear and show cause why restitution should not be ordered and why "the court should not hold him in contempt of court and/or impose such other sanctions as are appropriate to ensure the enforcement and the observance of this court's orders."

A hearing was held January 10, 1980, and concluded January 21, 1980.[1] The defendant admitted almost all of the acts complained of by the receiver. The trial court sentenced defendant to 20 days in jail and a $200 fine for each of 10 acts of contempt of the November 14 order. Defendant appeals, enumerating three errors.

---

[1]Appellant's brief explains the reason the hearing was continued, as follows: "Toward the conclusion of that hearing on January 10th, the Court instructed counsel for the Appellant to instruct the Appellant as to the law of perjury in Georgia. At that point in time, the Appellant suffered an attack of some nature, and

1. Defendant first asserts that the order of November 14 was not clear and concise and that no acts of contempt were proved. He argues that the order excepted everyday living expenses and that the everyday living expenses of the corporation include payments to creditors to continue operations. He states that the order itself did not specify what normal living expenses might be.

A person has living expenses; a business has operating expenses, not living expenses. The receiver, not Schiselman, was charged by the court with full authority to operate the business and to manage its property and assets. Moreover, Schiselman testified that a portion of the funds acquired from Action Corporation had been used for gambling. Here Schiselman asserted that his errors, which he admitted, had not been wilful in that he did not intend to disobey the court's order. The evidence was ample, by whatever standard, for the trial judge to find that the acts were wilful, and to impose whatever sanctions he deemed proper within his authority. Code Ann. §§ 24-105, 24-2615(5). Contemnor's testimony that he had no intent to violate the order is not binding on the court. *Carson v. Ennis,* 146 Ga. 726 (92 SE 221) (1917). It was not error to hold the defendant in contempt.

2. Schiselman next asserts that the contempt was civil and not criminal, and was brought by the receiver to recover funds and not to punish the defendant. Schiselman argues that he did not know the contempt was criminal until the sentence (200 days and $2000) was imposed,[2] that the receiver was seeking an order of civil contempt, that the nature of the proceeding cannot be determined solely by the final order but must be determined from its purpose, that it is improper for the trial court to convert a civil contempt proceeding into a criminal one, that a defendant cannot properly defend himself without notice that the proceedings are criminal in nature, and that this defendant was not afforded the rights he was entitled to receive in a criminal case (Miranda warning and fifth amendment privilege against self-incrimination).

The receiver sought to require Schiselman not only to show cause why he should not be required to make restitution but also "to

---

court was adjourned. . . . On January 21, 1980, the hearing was resumed, and at that hearing the Appellant recanted certain testimony previously given, and positively testified that he had no monies or funds under his control. The Appellant also testified that he had never intentionally violated any court order."

[2]Schiselman was ordered confined under police guard while in the hospital commencing January 10. That order should have been recognized as something out of the ordinary for civil contempt. Schiselman was allowed to present additional evidence when the hearing resumed on January 21.

show cause why the Court should not hold him in contempt of Court and/or impose such other sanctions as are appropriate to ensure the enforcement and the observance of this Court's orders." An injured party is frequently more interested in obtaining a contempt order as a remedy for himself or herself (civil contempt) than in obtaining punishment of the defendant for violating the court's order (criminal contempt). *Ensley v. Ensley,* 239 Ga. 860, 861 (238 SE2d 920) (1977). The court on the other hand has the responsibility of seeing that its orders in other cases as well as the pending cases are obeyed. Hence a court may find that a contempt proceeding originated and pursued by a party seeking civil contempt should be treated as one for criminal contempt.

Although he says a defendant cannot properly defend himself without notice that the proceedings are criminal in nature, appellant knew he was being tried for contempt of one sort or the other. The defenses to both civil and criminal contempt are that the order was not sufficiently definite and certain, was not violated, or that the violation was not wilful (e.g., inability to pay or comply). 6 EGL 20, Contempt, § 18 Defenses (1978). This defendant has relied upon all three defenses. He has failed to point out how he would have defended a criminal contempt differently and has failed to point out any defense available to him in a criminal contempt case not available in a civil contempt case.

This defendant was put on detailed notice by the receiver's report of the acts with which he was charged. The receiver's testimony in support of the report showed that the defendant was in contempt; the defendant's admissions merely confirmed the receiver's testimony.

Miranda (Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966)) is applicable to custodial (police) interrogation and does not require that a defendant be given any warning at his trial. This defendant was represented by counsel at the contempt hearing and was advised of his fifth amendment right against self-incrimination.

Where a person is on notice that he or she is being tried for contempt and the movant, as here, seeks "such other sanctions as are appropriate to ensure the enforcement and the observance" of the court's order, or seeks "such other relief as may be appropriate," the contemnor is on notice that the proceeding is both civil and criminal in nature and that criminal sanctions may be imposed in an appropriate case. Reversal is not required solely because the notice given the contemnor omits the word "criminal." United States v. United Mine Workers, 330 U. S. 258 (67 SC 677, 91 LE 884) (1947); F.T.C. v. Gladstone, 450 F2d 913, 916 (1971). As was held in

Gladstone, Id., the omission of the word "criminal" in a notice of contempt proceeding is not fatal where the notice fully described the conduct charged, there is no showing that the contemnor was prejudiced by the failure to clearly denominate the nature of the contempt proceeding and he was accorded all rights due a defendant in a criminal contempt proceeding.

Schiselman contends that his conviction was unconstitutional in that he was allowed, without notice or warning, to incriminate himself. He cites Parker v. United States, 153 F2d 66, 70 (1946), for the proposition that in criminal contempt cases, a party cannot be compelled to testify against himself. We have determined above that Schiselman was on notice that the proceeding was criminal in nature. Schiselman was called to the stand and examined by his attorney. No objection as to the adequacy of notice was made even when the judge listed the violations and later pronounced sentence. We find no violation of Schiselman's right not to incriminate himself. Even if such violation occurred, it cannot be raised for the first time on appeal.

The trial court did not err in holding the defendant in criminal contempt of court.

*Judgment affirmed. All the Justices concur.*

SUBMITTED APRIL 18, 1980 — DECIDED
SEPTEMBER 8, 1980.

*Paul L. Hanes,* for appellant.

*A. Felton Jenkins, Jr., Thomas E. Raines, Stacey W. Cotton, M. Randall Peek, District Attorney,* for appellees.