## 67928. WAREHOUSE CARPET SALES & SERVICE, INC. et al. v. S.C.J. ASSOCIATES, INC.

BANKE, Judge.

Appellants, Warehouse Carpet Sales & Service, Inc. (Warehouse) and Glenn E. Teasley (Teasley), the corporation's sole shareholder and director, appeal an order of the Superior Court of Cobb County, holding them in contempt for failure to comply with a prior order of that court.

Appellants are two of several named defendants in a civil action brought by appellee, S.C.J. Associates, Inc. (S.C.J.), regarding a dispute over the acquisition of certain real property. On April 1, 1982, all parties consented to an order which was entered for the purpose of avoiding prejudice to the parties during an extended delay in the proceedings. Among other things, this order required Warehouse to continue making timely payments on two outstanding notes, one of which was owed to MaCo Federal Credit Union (MaCo) and the other to a bank. Warehouse was also ordered to make additional monthly payments of $2,106.71 to MaCo, to be held in an interest bearing escrow account and applied to any judgment which might be awarded to S.C.J.

In September 1982, S.C.J. moved that Warehouse be held in contempt for refusing to make the required payments to the escrow account. Thereafter, the trial court issued a rule nisi ordering Warehouse to show cause why it should not be held in contempt. Following a hearing held on May 26, 1983, the trial court found both Teasley and the corporation in wilful contempt for failure to make required payments totaling $18,962.52. Teasley was ordered jailed as of June 27, 1983, provided, however, that he could purge himself of the contempt by paying one-half the arrearage in a lump sum and the remaining one-half in monthly increments of $1,500.00, in addition to making the regular monthly payments of $2,106.71. On appeal, appellants contend that refusal or failure to pay money pursuant to a court order is not punishable by contempt, as such punishment would constitute imprisonment for debt. *Held*:

1. A money judgment may normally be enforced only by execution thereon, not by contempt proceedings. See *London v. London*, 149 Ga. App. 805 (1) (256 SE2d 33) (1979). However, where, as here, the order to pay is interlocutory in nature, contempt is the only method of enforcement available. *Ryan v. Kingsberry*, 88 Ga. 361, 376 (14 SE 596) (1891). Also, "[t]here is . . . a clear distinction between a decree for the mere payment of money, rendered without any regard whatsoever to defendant's ability to pay, and without having previously ascertained that he has the money, and an order made in a proper case directing him to deliver up money conclusively shown to

be in his possession." *Id.* at 372.

"The proper administration of justice demands that courts have the power to enforce their orders and decrees by contempt proceedings." *Griggers v. Bryant*, 239 Ga. 244, 246 (236 SE2d 599) (1977). Because the consent order at issue in this case was interlocutory and not subject to execution, the trial court was empowered to utilize contempt proceedings to compel obedience to it. Where the contempt is continuing, the trial court may order that the parties be imprisoned until they comply with the order. Accord *Carter v. Data Gen. Corp.*, 162 Ga. App. 379 (291 SE2d 99) (1982). See also *Ensley v. Ensley*, 239 Ga. 860 (238 SE2d 920) (1977); Hopkins v. Jarvis, 648 F2d 981 (5th Cir. 1981).

2. Appellants contend that the evidence adduced at the hearing fails to establish a wilful violation of the order. At the hearing, Teasley acknowledged that his last payments on the three obligations were in June 1982 (to the bank), August 1982 (to MaCo on the escrow account), and December 1982 (to MaCo on the note). He contended that Warehouse had been unable to make further payments because it had experienced financial difficulties, although it had remained in business. Teasley maintained that he had received no salary and earned no income in 1982 but admitted that he had borrowed $6,000 from Warehouse since the date of the court order and that his wife was employed and supported the household. Although he claimed that Warehouse had experienced a negative cash flow after entry of the order, it was shown that during the month prior to the hearing sales had totaled $42,000, resulting in a profit of $5,200.

"The defenses to both civil and criminal contempt are that the order was not sufficiently definite and certain, was not violated, or that the violation was not wilful (e.g., inability to pay or comply)." *Schiselman v. Trust Co. Bank*, 246 Ga. 274, 277 (271 SE2d 183) (1980). "If there is any evidence in the record to support a trial judge's determination that a party either has or has not wilfully disobeyed the trial court's order, the decision of the trial court will be affirmed on appeal." *Crowder v. Crowder*, 236 Ga. 612 (225 SE2d 16) (1976). "[T]he question of whether a contempt has occurred is for the trial court, and its determination will be overturned only if there has been a gross abuse of discretion. [Cits.]" *Wilkerson v. Tolbert*, 239 Ga. 702, 705 (238 SE2d 338) (1977). In the instant case, there is some evidence to support a finding that appellants' noncompliance with the order was wilful; accordingly, the trial court did not abuse its discretion in holding them in contempt.

3. Appellant Teasley further contends that the trial court erred in holding him in contempt because he received no notice that the contempt proceeding was against him personally. Although the rule nisi was issued to Warehouse rather than to Teasley in his individual

capacity, all parties received notice of the proceedings. Furthermore, Teasley was a party to the consent order in his individual capacity and was present and testified at the contempt hearing, at which both he and Warehouse were represented by the same attorney. At no time during these proceedings did Teasley object to the adequacy of the notice, even after the attorney representing S.C.J. clearly stated at the hearing that S.C.J. was seeking his incarceration and even after the court announced that such a result was being contemplated. Accordingly, the objection was waived and cannot be raised for the first time on appeal. See *Schiselman v. Trust Co. Bank*, supra at 278.

4. Appellants contend that the written contempt order fails either to recite that the contempt was wilful or to set forth a sufficient factual basis to support a finding of contempt. "[T]he words 'wilful refusal' and 'ability to pay,' although preferable, are not words of art which must appear in every contempt order. [Cit.] It is only necessary that the order specify sufficient facts to show that the respondent was in contempt of court." *Floyd v. Floyd*, 247 Ga. 551, 553 (277 SE2d 658) (1981). We hold that the order in the instant case recites sufficient facts, substantiated in the record, to warrant a finding of contempt as to both appellants.

*Judgment affirmed. Shulman, P. J., and Pope, J., concur.*

Decided March 16, 1984.

*Edward J. Magner, Jr.*, for appellants.
*John C. Yancey, Gary W. Hatch, Herbert K. Black, Thomas C. Dempsey*, for appellee.