Motion Docket No. 072. HIGHTOWER v. MUSCOGEE COUNTY SCHOOL DISTRICT et al.
(351 SE2d 733)

McMurray, Presiding Judge.

The case before this Court emanated from movant Hightower having been barred, as part of disciplinary measures for infraction of a student conduct rule, from "marching" with his classmates to receive their respective high school diplomas publicly in Columbus, Georgia, although movant did receive his diploma privately.

Movant sought through administrative channels to be allowed to participate in the graduation exercises with his classmates. He was granted a supersedeas which would allow him the *privilege* of "marching" with his classmates.

Upon appeal to the Superior Court of Muscogee County of the State Board of Education's decision granting the movant the supersedeas, the superior court on May 31, 1986, at 12:00 noon, reversed the decision of the State Board of Education and thus movant would not be permitted to "march" or participate in the high school graduation public ceremony.

Movant then sought and obtained, at approximately 5:45 p.m. on May 31, 1986, in the metropolitan Atlanta area, an order from a Judge of the Court of Appeals of Georgia staying the order of the Superior Court of Muscogee County. The effect of the staying of the superior court's order would thus allow movant to "march" or participate in the high school graduation public ceremony to be held on the same date at approximately 8:00 p.m. or alternatively the public ceremony would be postponed and delayed until movant's *"appeal"* was heard and decided.

Movant brings a motion for contempt of court praying that respondents be held in contempt of this Court since the graduation exercises were conducted as scheduled and movant was not permitted to

"march" or participate in the high school graduation public ceremony in defiance of this Court's order. *Held*:

In a proceeding of the nature of the case sub judice an evidentiary hearing must be conducted and a panel of three judges did conduct such a hearing.

This case was most recently considered by the whole court and a majority opinion, together with two separate special concurrences, and a dissent were rendered and issued on December 5, 1986. Upon its own motion and upon further consideration by the whole court, a majority of this court was of the view that inasmuch as this case is a contempt proceeding and a panel consisting of three judges of this court has heard evidence in the case, it was deemed appropriate that only the original panel of three judges, who heard the evidence and witnessed the demeanor of the parties and witnesses testifying, act as the trier of facts and participate in the decision. Consequently, the previous judgment of this court dated December 5, 1986, has been ordered vacated and the majority opinion, together with the two separate special concurrences and the dissent, all rendered and issued the same date, have been ordered withdrawn.

The issue in the case sub judice is whether any rational trier of fact could find beyond a reasonable doubt that respondents wilfully violated a lawful order of this Court. See *In re Irvin*, 254 Ga. 251, 254 (328 SE2d 215).

We acknowledge and reaffirm this Court's power to enforce its lawful orders and to impose penalties for the wilfull disobedience thereof. See *In re Fite*, 11 Ga. App. 665 (76 SE 397). However, under the particular facts and totality of the circumstances of the case sub judice we are not convinced beyond a reasonable doubt that movant is entitled to prevail on his motion seeking to have respondents held in contempt of this Court.

It is the order of this Court that the redress sought by movant in his motion be denied and said motion is hereby overruled.

*Motion overruled. Birdsong, P. J., concurs. Carley, J., dissents.*

CARLEY, Judge, dissenting.

It is undisputed that respondents were presented with an order issued by this court pursuant to Rule 50 (c) of the Rules of the Court of Appeals, which order was styled "Ronald H. Hightower by Monty L. Hightower, next friend, Appellant vs. The Muscogee County School District, Appellee." The order unequivocally stated: "It is the opinion of the court that there would be merit in the appeal of the appellant and that the appellant would be subject to irreparable harm unless a stay of the order of the Superior Court of Muscogee County in Case Number 86-C-2168-2 were not granted. It is therefore the order of the court that a stay of the order of the Superior Court of

Muscogee County as set out above be and hereby is granted."

"Contempt of court has been variously defined; in its broad sense it means disregard for or disobedience of the order or command of the court. . . ." *Crudup v. State of Ga.*, 106 Ga. App. 833, 837 (129 SE2d 183) (1962), aff'd 218 Ga. 819 (130 SE2d 733) (1963). The majority does not dispute that the uncontroverted evidence demonstrates that respondents, with actual knowledge of the order, refused to obey it. What the majority does conclude is that, viewing the evidence as a rational trior of fact, respondents cannot be found beyond a reasonable doubt to have violated the order wilfully. See *In re Irvin*, 254 Ga. 251 (328 SE2d 215) (1985). I must respectfully dissent.

"The defenses to both civil and criminal contempt are that the order was not sufficiently definite and certain, was not violated, or that the violation was not wilful (e.g., inability to pay or comply). [Cit.]" *Schiselman v. Trust Co. Bank*, 246 Ga. 274, 277 (271 SE2d 183) (1980). There is no reasonable doubt that the order of which respondents were aware was a definite and certain stay of a lower court's order issued to preserve this court's appellate jurisdiction. There is no reasonable doubt that respondents violated this order by ignoring it and by complying instead with the superior court's order which had reversed the State Board of Education's decision in favor of movant. There is no reasonable doubt that respondents had the ability to comply with the order, but voluntarily chose not to. Accordingly, I would find respondents in wilful contempt of this court beyond a reasonable doubt. "It is, of course, unnecessary to cite authority for the proposition that a wilful failure or refusal to comply with the orders, judgments, or decrees of a court constitutes contempt, for which the offender may be punished." *Madison v. Montgomery*, 206 Ga. 199, 204 (56 SE2d 292) (1949). There are, perhaps, circumstances which should go to mitigation of the punishment which should be exacted for respondents' wilful contempt. Those circumstances do not, however, warrant a conclusion which is contrary to the evidence that respondents were in wilful contempt.

Accordingly, I must dissent from the majority's finding that respondents were not in wilful contempt.

DECIDED DECEMBER 12, 1986.

*J. Steven Dugan*, for movant.
*James E. Humes II, H. Holcombe Perry, Jr.*, for respondents.