NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.



# SUPREME COURT OF GEORGIA
Case No. S24C0850

September 17, 2024

The Honorable Supreme Court met pursuant to adjournment.

The following order was passed:

HOWARD RUSSELL YNTEMA v. LEAH SMITH.

The Supreme Court today denied the petition for certiorari in this case.

*All the Justices concur.*

Court of Appeals Case No. A23A1660

**SUPREME COURT OF THE STATE OF GEORGIA**
Clerk's Office, Atlanta

I certify that the above is a true extract from the minutes of the Supreme Court of Georgia.
Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____, Clerk

PETERSON, Presiding Justice, concurring.

I concur fully in the denial of Howard Yntema's petition for a writ of certiorari. Although there is gravity in whether the order of the trial court prohibiting a broad range of speech by a variety of people was permitted by the federal and state constitutional rights to free speech, Yntema consented to that order (and so waived whatever rights the order might otherwise have violated). But Kitty, Yntema's new wife, was not a party to the litigation, and did not consent to the order.

It seems to me that Kitty's challenges to the order — both on free speech grounds and on due process grounds as a nonparty — are significant. And I have serious doubts about aspects of the Court of Appeals's resolution of those challenges.[1] But Kitty has not filed

---

[1] As to the due process issue, the case law on which the court relied for a trial court's authority to hold a nonparty in contempt does not seem to apply. The Court of Appeals concluded that the consent order applied to Kitty merely because she had notice of it. Notice is a necessary condition, but is not sufficient alone. The sole case the Court of Appeals cited in which a contempt order was upheld involved a nonparty taking extraordinary efforts to frustrate orders of the trial court, and then being held in contempt for those efforts. See *Wilkerson v. Tolbert*, 239 Ga. 702 (238 SE2d 338) (1977). The Court of Appeals cited no decision of our Court empowering trial courts to include nonparties within the

a petition for a writ of certiorari, and this is not the sort of case

warranting the exercise of our certiorari power sua sponte. And, in

---

scope of an order like the one here absent some previous effort to impede the trial court's lawful authority.

And as to the free speech issue, the Court of Appeals properly recognized that at least some of the trial court's order was constitutionally impermissible. But it applied a decision of our Court for the proposition that it is constitutionally permissible for a trial court to require parties in a divorce proceeding "to refrain from making derogatory remarks about the other before the children." See *Maloof v. Maloof*, 231 Ga. 811, 812 (6) (204 SE2d 162) (1974). That statement in *Maloof* cited no authority, *Maloof* has never been cited by our Court, and the statement was dicta, given the Court's holding that the order at issue was not permissible. And, in any event, *Maloof*'s conclusory dicta was limited by its terms to parties. It is not at all clear that broad prior restraints such as those here (which extended far beyond statements made in the presence of the children) would satisfy the constitutional rights to free speech. See, e.g., *K. Gordon Murray Prods. v. Floyd*, 217 Ga. 784, 790-793 (2) (125 SE2d 207) (1962) (holding that prior restraint that was permissible under United States Constitution was impermissible under Georgia Constitution); see also *Shak v. Shak*, 144 NE3d 274, 279-280 (Mass. 2020) (considering nondisparagement order in divorce proceeding under First Amendment and holding that, although "the State has a compelling interest in protecting children from being exposed to disparagement between their parents," order was impermissible prior restraint because no case-specific showing was made "linking communications by either parent to any grave, imminent harm to the child" (citations and punctuation omitted)); *Yanez v. Sanchez*, 548 P3d 341, 345 (Ariz. Ct. App. 2024) (while considering First Amendment challenge to order imposing speech restrictions in domestic case, observing "nearly every state to have tackled the issue requires proof of actual or threatened physical or emotional harm to a child" and invalidating order due to lack of record "evidence of actual or threatened physical or emotional harm to the child") (citing cases).

.

any event, as the Court of Appeals rightly noted, its review was very limited given that the trial court order on appeal is interlocutory. It may be that Kitty can more persuasively raise constitutional challenges before the trial court on remand; although the Court of Appeals's narrow decision will be law of the case in future proceedings before the trial court and the Court of Appeals as to the issues actually decided, it does not prevent either court from considering broader issues on remand, and does not prevent our consideration of an eventual cert petition even as to the issues already decided by the Court of Appeals.

I am authorized to state that Justice Warren and Justice LaGrua join in this concurral.