## 55094. CITY OF ATLANTA v. JACKSON.

Argued January 4, 1978 — Decided January 26, 1978.

*Ferrin Y. Mathews, Charles M. Lokey, James A. Barnett,* for appellant.
*Herman Pierre, Jr.,* for appellee.

Deen, Presiding Judge.

Is the city ordinance describing the duties of the Civil Service Board contradictory to the ordinance setting out the board's rules and regulations? Specifically, is the board's disposition of this employee's case impermissible, and is its power limited to affirmance or revocation?

The employee zeroed in on Chapter II, Sec. 1 (a) of the ordinance establishing an Atlanta Civil Service System which provides that the Civil Service Board there created shall hold hearings on demotions, suspensions, dismissals and like classified service problems and "shall have power to make final determinations and dispositions in such matters." The city relies for its limitation of jurisdiction construction on Sec. 3 (b) of the Ordinance adopting Civil Service Rules and Regulations which provides that the board may receive appeals, hold hearings, and "shall have the power to make final determinations in such matters . . . The Civil Service Board shall affirm or revoke the decision of the department, by written decisions stating the reasons for so deciding."

Since we do not find the contradiction in language claimed by the litigants, we do not rely on various solutions urged, such as seeking the intent of the propounding body, enforcing the ordinance latest in time (apparently on an implied revocation theory) or even deciding the case on the basis of how governments in general choose among their procedural options. We accept the thesis that the two ordinances quoted must, between them, control our decision in the case. What is ignored by both sides is that both ordinances unequivocally give the board the power *to make final determinations* on appeals involving employee sanctions. That being so, the additional language in the regulations which says the board shall affirm or revoke the decision of the department, giving reasons, is not a limitation on the board's power to partially affirm, or to partially revoke, the departmental decision, provided its reasons are satisfactory. There is no common sense way to unravel this record save to state that the board agreed with the department that the employee had committed an assault, which was a breach of his employment contract, and that he should be penalized for so doing. It then made a "final disposition" by taking into account the employee's record of service, substituting a suspension for permanent dismissal, and ordering a change of job location plus counseling for the employee.

In reaching this conclusion we are giving to the words "power to make final determinations and dispositions" an equivalance to a de novo consideration rather than confining them to a determination of whether the original body has erred as a matter of law. Both ordinances specifically empower the board to hold hearings, and this of necessity includes the right to introduce evidence and to offer argument. 2 AmJur2d 230, Administrative Law, § 419. Implicit in the notion of holding a hearing is that of arriving at a fair and legal conclusion, and this goes beyond merely accepting or rejecting in toto the departmental solution.

The dismissal of the application for certiorari by the superior court is affirmed.

*Judgment affirmed. Smith and Banke, JJ., concur.*