## 58399. BETTIS v. CITY OF ATLANTA.

McMURRAY, Presiding Judge.

An employee of the City of Atlanta was dismissed for "lack of proper interest in . . . [his] . . . work and creating a disturbance." He appealed the dismissal to the City of Atlanta Civil Service Board. The board, after a hearing, upheld the dismissal decision.

Joseph E. Bettis, the former employee, applied for a writ of certiorari which was sanctioned. He contends therein the action of the board was contrary to law, in violation of the Code of the City of Atlanta requiring progressive discipline, the punishment was too severe in considering similar cases and this employee's record of disciplinary action, and was not sustained by the evidence. After consideration of the application and the entire record, it was denied. Applicant (employee) appeals. *Held:*

It has been held in *City of Atlanta v. Jackson,* 144 Ga. App. 629, 630 (241 SE2d 497) that the Civil Service Board has the "power to make final determinations and dispositions" in reviewing city departmental actions as to employees which has "an equivalence to a de novo consideration" of the matter before it. Accordingly, we examine the record before this board to determine whether the disciplinary action taken (dismissal) was

authorized or too severe as applicant argues.

The applicant, as one of his immediate superiors contends, was found absent without leave and not at his duty station which subjected him to disciplinary action. A search was made for him throughout the plant and all logical places where he might be, and he was only located several hours later when the applicant was seen returning to the parking lot in his automobile which had been missing when a search was made for him. The applicant was told that his chief supervisor was looking for him. Applicant telephoned the supervisor and upon attempting to explain his whereabouts the supervisor made remarks to applicant amounting to placing applicant's veracity in question. Applicant proceeded to the supervisor's office where a yelling contest ensued, and applicant came in physical contact with the supervisor. The applicant was never seen outside of the plant although he was seen in his automobile driving into the parking lot. However, the testimony on his behalf controverted the testimony against him.

The rules do provide for disciplinary action such as a written reprimand, suspension, separation and dismissal. The description of each of these disciplinary actions involves the gravity of the offense, repetition of same, pending criminal charges, and wilfullness of the violation. Separation discipline states clearly that it may be imposed "for a single offense when, in the opinion of the Department Head, such offense impairs the future effective performance of the duties of the employee; otherwise, it shall be imposed only when management has exhausted all reasonable efforts to improve work performance or other conditions affecting the job performance of said employee."

Dismissal from employment is defined as being applicable when "[a]ny employee . . . shall wilfully violate any provision of the Civil Service Ordinance or these Rules and Regulations," and he "may be declared ineligible for employment in the City's Service and shall be dismissed from employment."

The Rules and Regulations quoted above are in derogation of the common law and must be strictly construed and followed. *Brownlee v. Williams*, 233 Ga.

548, 551 (212 SE2d 359); *Foster v. Vickery,* 202 Ga. 55, 60 (42 SE2d 117); *Harrell v. Gardner,* 115 Ga. App. 171, 174 (154 SE2d 265); *Schloth v. Smith,* 134 Ga. App. 529, 530 (3) (215 SE2d 292); *Cook v. Howard,* 134 Ga. App. 721, 722 (1) (215 SE2d 690). While certainly a reprimand or separation would have been in order from the evidence against the employee, yet, we do not find wilfulness in his actions so as to authorize dismissal. Admittedly, the supervisor became outraged and used derogatory language to him. Applicant contends this precipitated the struggle in the supervisor's office. However, he possibly would have been subject to a separation under that regulation, if in fact there is a difference between "dismissal" and "separation." But in any event he was not separated but dismissed. The evidence does not support a dismissal, thus requiring a remand to the board for further action. The superior court is directed to remand the case to the board for further action by the board in accordance with this opinion.

*Judgment reversed with direction. Banke and Underwood, JJ., concur.*

ARGUED SEPTEMBER 25, 1979 — DECIDED NOVEMBER 15, 1979 — REHEARING DENIED DECEMBER 5, 1979 — ▮▮▮▮▮

*Jack N. Sibley,* for appellant.
*Ferrin Y. Mathews, Gary S. Walker,* for appellee.