## 58849. CARDELL v. JACKSON et al.

SHULMAN, Judge.

Appellant appeals his discharge from the Atlanta Bureau of Police Services (hereinafter "Bureau"). After charges of cheating on a promotional examination had been preferred against appellant, he was tried before the Administrative Hearing Panel of the Bureau, which determined, on the basis of appellant's misconduct, that he be discharged. Appellant then appealed to the Civil

Service Board of the City of Atlanta (hereinafter "Board"), which found that although appellant did violate the rules of the Bureau, his offense did not warrant the stringent penalty of discharge. Thus, the Board upheld the Bureau's determination that appellant had engaged in wrongful conduct, but reduced the penalty that had been imposed by the Bureau for such misconduct.

Appellee-Mayor of the City of Atlanta appealed the Board's decision by way of writ of certiorari, asserting that the Board was without authority to modify the Bureau's determination. From a judgment reversing the Board's modification of the Bureau's decision and affirming the Board's determination of appellant's culpability, appellant brings this appeal. We affirm.

1. Appellant does not contest the trial court's ruling that under the authority of Chap. II, Sec. I of the Rules and Regulations of the Civil Service Board of the City of Atlanta, the Board was without authority to modify the Bureau's decision. Cf. *City of Atlanta v. Jackson,* 144 Ga. App. 629 (241 SE2d 497), where a classified service employee was involved. Appellant, however, complains that the trial court erred in sustaining the finding that appellant was guilty of wrongful conduct, which finding, appellant contends, was without evidentiary support. We disagree.

The evidence showed that appellant, along with several other officers, had received a copy of the promotional examination prior to the examination. Admitted into evidence was a portion of the examination which had been copied in appellant's own handwriting prior to the examination. In view of the testimonial and documentary evidence in support of the Bureau's decision, affirmed by the Board (as to the Bureau's finding of culpability), we refuse on appeal to disturb the trial court's affirmance. See *Hall v. Ault,* 240 Ga. 585 (242 SE2d 101), in regard to the evidentiary standard of review on appeal.

2. Since remaining enumerations of error have not been argued in appellant's brief, they are deemed abandoned. *Turner v. Travelers Ins. Co.,* 128 Ga. App. 351 (1) (196 SE2d 467).

*Judgment affirmed. Deen, C. J., and Carley, J., concur.*

Submitted November 5, 1979 — Decided January 7, 1980 —
Rehearing denied January 21, 1980 —

*Sherman G. Fraser,* for appellant.
*Ferrin Y. Mathews, W. Roy Mays, III,* for appellees.