61727. DUNBAR v. JACKSONVILLE NATIONAL BANK.

SOGNIER, Judge.

Jacksonville National Bank filed an action against Betty W. Dunbar for judicial foreclosure of property under certain deeds to secure debt.

Earlier foreclosure proceedings were instituted by the Bank by advertisement in the official legal organ pursuant to the power of sale contained in the deeds to secure debt. On that occasion, appellant contacted the Bank and seeking to avoid foreclosure, entered into a written settlement agreement with the Bank dated April 11, 1979. As a part of the agreement, appellant acknowledged the validity of the debt and the deeds to secure debt and renounced all defenses, set-offs and claims against the Bank. In return, appellant received an extension of time, additional funds to improve the property for sale and a grace period until August 31, 1979 to allow her to sell the property.

The property was improved with the additional funds but appellant did not sell it within the stipulated period of time. The Bank then brought the present foreclosure action and subsequently filed a motion for summary judgment, which was granted.

1. Appellant contends that the trial court erred by granting the Bank's motion for summary judgment because there were questions of fact remaining with regard to the Bank's breach of the settlement agreement. On deposition Dunbar complained that the Bank defaulted on its agreement by not advancing funds or completing the improvements on the property by May 15, 1979. The agreement provided: "The parties will cooperate in good faith to *attempt* to

complete said repairs on or before May 15, 1979." (Emphasis supplied.) The agreement further provides: "Owner shall cause such projects to be initiated . . ." The repairs were finished by the last of May or early June 1979. The repairs were satisfactory and appellant made no complaint to the Bank about any delay. Dunbar's deposition fails to present any facts showing a lack of good faith on the part of the Bank in pursuing the objectives of the contract. The trial court found no breach of the contract by the Bank nor any lack of good faith effort by the Bank to see the work completed by May 15; to the contrary, the record and affidavits show the Bank exercised good faith. There being no issue of fact, the trial court correctly granted summary judgment to the Bank. *General Gas Corp. v. Carn,* 103 Ga. App. 542 (120 SE2d 156) (1961); *Buddy's Appliance Center v. Amana Refrigeration,* 151 Ga. App. 268 (259 SE2d 673) (1979).

2. Appellant contends the trial court failed to consider her deposition testimony which raised questions of fact regarding failure by the Bank to advance money for repairs promptly, thus shortening the period of time in which she could complete the sale of the property. The judge's order recited that he had considered ". . . the deposition tendered by the plaintiff" although appellant's *original* deposition remained sealed in the clerk's office. Dunbar's deposition testimony pertaining to her defense was quoted correctly in appellee's brief to the trial court. This court has reviewed appellant's deposition and we find that the material facts set forth in the deposition were fully considered by the trial court. The trial judge's excellent nine-page order demonstrates conclusively that appellant's deposition was fully considered. *General Motors Corp. v. Walker,* 244 Ga. 191 (259 SE2d 449) (1979). Thus, appellant's contention is without merit.

3. Appellant contends that the trial court erred in requiring supersedeas bond. However, since appellant failed to support this enumeration with argument or citation of authority, we deem it abandoned. *Cardell v. Jackson,* 153 Ga. App. 124, 125 (264 SE2d 488) (1980).

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 9, 1981

*G. Hughel Harrison,* for appellant.
*Terry K. Floyd,* for appellee.