## 63696. BETTIS v. CITY OF ATLANTA.

McMURRAY, Presiding Judge.

This is the second appearance of this case in this court. For a full and complete understanding of the issues see *Bettis v. City of Atlanta,* 152 Ga. App. 699 (263 SE2d 680). Bettis was a city employee having worked for the City of Atlanta for 16 years without incident. Bettis was charged with having been absent without leave from his post for two hours without notifying anyone and in assaulting his supervisor when the supervisor approached him about leaving his duty post. A hearing was held, and the rules provided for disciplinary action such as written reprimand, suspension, separation and dismissal. Dismissal was defined in the regulation as being applicable when any employee "shall willfully violate any provision of the Civil Service Ordinance or these Rules and Regulations." Separation means where his offense impairs the future effective performance of the duties of the employee (a single offense). Bettis was dismissed, applied for a writ of certiorari, the same being sanctioned and denied.

On appeal to this court in *Bettis v. City of Atlanta,* 152 Ga. App.

699, supra, we found dismissal was not the proper remedy, that is, the evidence did not support a dismissal (willfully violating any provision of the civil service ordinance or these rules and regulations). The superior court was directed to remand the case to the board for further action by the board in accordance with that opinion.

The matter was referred to the civil service board which held another hearing, perused all the testimony and then rendered an opinion "to reinstate . . . Bettis . . . without back pay because the department failed to show that Bettis' actions were willful."

This court had decided the evidence did not support a dismissal and that dismissal was not the proper remedy and wrongful under the regulations in that the city did not show he had willfully violated the provisions of the civil service rules and regulations. It is noted that the appellant denied being absent without leave, denied assaulting the supervisor, admitting only that he had loaned his car to his wife, who had borrowed it and then returned, telling him where she had parked the car. It does appear that he admitted that he took the car and parked it somewhere else on the grounds. This appears to conform with testimony that his automobile was seen coming onto the property, and also that he was seen occupying the automobile. Other testimony in his behalf "controverted the testimony against him." See *Bettis v. City of Atlanta,* 152 Ga. App. 699-700, supra.

The city appealed by writ of certiorari the reinstatement of this employee as being illegal, null and void; contrary to law; contrary to the civil service rules and regulations; contrary to the evidence and contrary to the weight of the evidence.

Bettis, as defendant in certiorari, filed a traverse, as amended, denying the essential averments of the application. The Atlanta Civil Service Board, as respondent, answered, admitting that Bettis was charged only with "lack of proper interest in your work and creating a disturbance," and also admitted the allegation of paragraph 3, "*willfully left said Plant without authority,*" and the contents of paragraph 4, "*willfully grabbed said superior's wrist and jerked the superior's glasses off his face;*" (emphasis supplied), and likewise that the board had rescinded the termination of the defendant and had reinstated him. The board otherwise denied the request for a writ of certiorari in other paragraphs as to the sufficiency of the evidence. However, the minutes of the Atlanta Civil Service Board hearing were submitted to the court as an incorporated part of their answer to the petition for certiorari. The findings of the board contained therein indicated the *actions of the employee were found to be not willful.*

After "reviewing all appropriate materials and after oral argument," the superior court granted the application for the writ

and reversed the decision of the Atlanta Civil Service Board reinstating Bettis. Upon application of Bettis to this court, for a discretionary appeal the application was granted, and he appeals. *Held:*

1. We note that in response to the writ the defendant in certiorari answered denying the essential averments of the application. However, the Atlanta Civil Service Board answered equivocally but did admit two of the allegations made in the application for the writ, that is, "willfully left said Plant without authority," and "willfully grabbed said superior's wrist and jerked the superior's glasses off his face," but otherwise denied the averments of the application. The minutes of the Atlanta Civil Service Board, as well as the transcript of that hearing, were submitted to the superior court as an incorporated part of the answer to the petition for certiorari. The findings of the board contained therein indicated the actions of the employee were found to be not willful. This was in direct conflict with the part of the board's answer admitting the allegations of paragraphs 3 and 4 of the city's petition in effect, the employee willfully left work and willfully struck his superior (if that were indeed the intention of the pleader in answering these two paragraphs with its admission of paragraphs 3 and 4). However, the defendant in·certiorari denied these averments of the application. All pleadings are to be construed to do substantial justice. Code Ann. § 81A-108 (f) (Ga. L. 1966, pp. 609, 619; 1967, pp. 226, 230; 1976, pp. 1047, 1048). Here, however, in conflict with these admissions are the exhibits attached, that is, the minutes of the Atlanta Civil Service Board and the transcript of that hearing. Further, the findings of the board contained therein indicated the actions of the employee are found to be not willfull. A party may state as many separate defenses as he has regardless of the consistency thereof. See Code Ann. § 81A-108 (e) (2), supra. Clearly, the record of the hearing (transcript and minutes) was sufficient to uphold the decision of the board. If the court here granted a judgment on the pleadings it was in error and had the effect of giving a general admission in an answer precedence over a statement in the same answer which directly contradicted the admission. With reference to pleadings the law of Georgia has been, prior to the new Civil Practice Act and since that time, that allegations of the petition yield to the exhibits attached. See in this connection *Moon v. Stone Mountain Memorial Assn.,* 223 Ga. 696 (1) (157 SE2d 461), and cites at p. 698 (1); *Harris v. Ackerman,* 88 Ga. App. 128 (1) (76 SE2d 132); *Vandiver v. Endicott,* 215 Ga. 250, 251 (109 SE2d 775); *Saldivia v. Saldivia,* 218 Ga. 98 (126 SE2d 615). See also in this connection cases since the Civil Practice Act such as *Olson v. Harveston,* 158 Ga. App. 65, 68 (1) (276

SE2d 54), and cits. The evidence at the second hearing, which is virtually the same as the first, still controverts the evidence against Bettis except for the business of parking the automobile, which appears as true. After the hearing, the board's decision was "to reinstate . . . without back pay." The evidence did not demand a finding that the actions of the employee were found to be willful, and the evidence was sufficient to support the decision of the Atlanta Civil Service Board reinstating Bettis. The superior court erred in granting the writ and reversing the findings of the Atlanta Civil Service Board reinstating Bettis.

2. The above division is a decision on all of the enumerations of error save the fourth enumeration of error wherein the appellant Bettis contends that the superior court should have remanded the case back to the Atlanta Civil Service Board for a decision that he was entitled to back pay. The appellant did not seek a review by writ of certiorari with reference to the findings of the board and he cannot now seek a review of the superior court's judgment based upon this enumeration of error.

*Judgment reversed. Banke and Birdsong, JJ., concur.*

DECIDED JULY 2, 1982 —
REHEARING DENIED JULY 16, 1982 — 

*Jack N. Sibley,* for appellant.
*Marva J. Brooks, Gary S. Walker, Pamela R. Simmons,* for appellee.