### 57166. LONDON et al. v. LONDON.

SMITH, Judge.

Appellant Carl London appeals from the trial court's order finding him in contempt for failing to pay amounts due under a money judgment returned in appellee's favor. We reverse.

On August 9, 1978, the trial court entered the following money judgment: "This action having been tried before the Court and a Jury, and the Jury having rendered its verdict for Plaintiff against the Defendants, individually, jointly, and severally in the sum of Five Thousand Five Hundred Dollars ($5,500.00) it is, Ordered

and Adjudged, that Plaintiff, Bud London, recover of the Defendants, Town & Country Builders, Inc., and Carl J. London, individually or jointly, the sum of Five Thousand Five Hundred Dollars ($5,500.00) with interest and One-Half (1/2) of the cost of this action." Appellee's petition for contempt, filed on August 26, 1978, asserted that on August 11 Carl London had the $5,500 in his possession and refused to pay it over to appellee. The trial court accepted the assertion as fact and concluded that that action by Carl London was in "willful contempt" of court.

1. "Our statutes expressly provide that 'all orders and decrees of the court may be enforced by attachment against the person; decrees for money may be enforced by execution against the property.' Code, § 3099. 'A decree in favor of any party for a specific sum of money, or for regular installments of money, shall be enforced by execution against property as at law.' Code, § 4215. 'Every decree or order of a court of equity may be enforced by attachment against the person for contempt, and if a decree be partly for money and partly for the performance of a duty, the former may be enforced by execution and the latter by attachment or other process.' Code, § 4216.

"The clear legislative intent is manifest, to enlarge and render more efficacious equitable remedies, while preserving the remedies the courts had previously employed in the absence of statutes providing others. Under our statutes, when a party is decreed to perform a duty or to do any act, other than the mere payment of money, which the court has jurisdiction to adjudge he shall do, if he disobeys, the authority of the court is defied; he is guilty of contempt, and the arrest and imprisonment of his person is not imprisonment for debt in any appropriate sense of the term. But if a court of equity should render a simple decree for money, on a simple money verdict, — a decree which it may now enforce by the ordinary common law process against property, the failure to pay the decree would not be a contempt, nor could compulsory process against the person of the party in default be resorted to to enforce payment." *Clements v. Tillman,* 79 Ga. 451 (5 SE 194) (1887). "There is to our minds a clear distinction between a decree for the mere

payment of money, rendered without any regard whatsoever to defendant's ability to pay, and without having previously ascertained that he has the money, and an order made in a proper case directing him to deliver up money conclusively shown to be in his possession. Judgments are rendered every day by the courts in favor of plaintiffs against defendants for money due, irrespective of the fact whether the latter are paupers or millionaires. Refusal or failure to pay such judgments is in no sense a contempt of court, and imprisonment for such failure would be imprisonment for debt pure and simple." *Ryan v. Kingsbery,* 88 Ga. 361, 372 (14 SE 596) (1891). See also *Wood v. Wood,* 84 Ga. 102 (1) (10 SE 501) (1889).

Appellee's method of enforcing the money judgment was by execution thereon, and the trial court erred in holding that appellant's failure to discharge the judgment was a contempt of court. Contrary to appellee's contention, *Griggers v. Bryant,* 239 Ga. 244 (236 SE2d 599) (1977), does not require a different conclusion.

2. Our holding in Division 1 renders it unnecessary to consider the remaining enumerations of error.

*Judgment reversed. Quillian, P. J., and Birdsong, J., concur.*

SUBMITTED JANUARY 16, 1979 — DECIDED APRIL 4, 1979 — REHEARING DENIED MAY 8, 1979.

Carl J. London, *pro se.*
*Larry Fowler, Charles Brown,* for appellee.