38481. BETTIS v. CITY OF ATLANTA CIVIL SERVICE BOARD.

CLARKE, Justice.
At issue in this case is whether a trial court in a contempt proceeding may enter an order which has the effect of modifying a

previous unappealed mandamus judgment. We hold that it cannot.

Appellant was dismissed from employment by the City of Atlanta on March 27, 1978. The dismissal was upheld by the Civil Service Board of the City of Atlanta (hereinafter "the Board") but ultimately reversed by the Court of Appeals in *Bettis v. City of Atlanta,* 152 Ga. App. 699 (263 SE2d 680) (1979), which remanded the case to the Board. When the Board took no action, the appellant filed a petition for writ of mandamus requiring the Board to reinstate appellant and to award him back pay from date of dismissal to the date of reinstatement in accordance with Chapter II, Section 1 (a) of the Civil Service Rules and Regulations.

Before the hearing on the mandamus action was held the Board reinstated appellant without awarding back pay. The court entered judgment on the mandamus on August 28, 1981, finding that appellant had been wrongfully discharged. The court ordered that appellant be awarded back pay from the date of discharge to the date of reinstatement. This judgment of August 28, 1981, was never appealed.

When the Board failed to comply with the mandamus order, the appellant brought an action for contempt. On November 9, 1981, the trial court found the Board in contempt and ruled that the Board might purge itself of contempt by payment of all back pay, plus interest and costs, diminished by any sums earned by appellant during the period of his wrongful discharge. Appellant appeals from this order of the trial court.

The mandamus order contained no provision for diminution of the back pay. Appellant contends that it is error to effectively add this provision by including it in a contempt order. We agree.

An order granting mandamus absolute stands unless appealed. An action for contempt is the appropriate remedy when defendant fails to abide by the terms of the mandamus order. *Town of Adel v. Littlefield,* 149 Ga. 812 (102 SE 433) (1919). The contempt order is available only as a mechanism for enforcement of the original order. While a court may always interpret and clarify its own orders, it may not modify a previous order by a contempt order. *Kaufmann v. Kaufmann,* 246 Ga. 266 (271 SE2d 175) (1980); *Gallit v. Buckley,* 240 Ga. 621 (242 SE2d 89) (1978). Since there was no appeal from the mandamus order, the court erred in formulating a contempt order which effectively modified the mandamus order by reducing the back pay award. This case is therefore remanded with direction that the contempt order be revised in light of this opinion.

*Judgment reversed and case remanded. All the Justices concur.*

DECIDED MAY 18, 1982.

*Sibley & Sibley, Jack N. Sibley,* for appellant.
*James A. Barnett, Marva Jones Brooks,* for appellee.