46872. PBJ DEVELOPMENT COMPANY et al. v. HOLBEN et al.
(385 SE2d 658)

BELL, Justice.

This appeal stems from an order finding the appellants in criminal contempt of an interlocutory injunction that directed the appellants to take certain erosion-control steps to prevent the discharge of silt and mud from their construction site onto the appellees' residential property. On appeal the appellants raise three issues. We find no merit to two of the appellants' contentions, but find it necessary to affirm on condition with regard to the third argument.

1. The appellants complain of the lack of specificity concerning the trial court's findings of fact and conclusions of law. This argument has no merit, however, because findings of fact and conclusions of law are not even necessary in contempt cases. *Hopkins v. Hopkins,* 244 Ga. 66, 67-68 (2) (257 SE2d 900) (1979).

2. The appellants next argue that the evidence is insufficient to support the court's finding of criminal contempt. However, viewing the evidence in the light most favorable to the appellees, we conclude that any rational trier of fact could have found the appellants in contempt beyond a reasonable doubt. See *In re Irvin,* 254 Ga. 251, 256 (2) (328 SE2d 215) (1985).

3. The appellants' final argument is that the trial court erred in failing to apply the beyond-a-reasonable-doubt standard that is now applicable to criminal-contempt cases. See *In re Crane,* 253 Ga. 667, 669-670 (2) (324 SE2d 443) (1985). The record does not indicate that the trial court applied the correct standard, but we conclude that the proper remedy is to affirm the finding of contempt on the condition that the trial court state whether it applied the correct standard.[1] See *Lee v. Precision Balancing &c., Inc.,* 134 Ga. App. 762, 764 (216 SE2d

---

[1] Compare *Smith v. Orkin Exterminating Co.,* 258 Ga. 705 (373 SE2d 740) (1988), and *Life for God's Stray Animals v. New North &c.,* 256 Ga. 338 (2) (349 SE2d 184) (1986). In those cases we vacated the judgments of contempt and remanded to the trial courts for them to apply the beyond-a-reasonable-doubt standard. The remedy we use in the present case is a more efficient use of judicial resources.

640) (1975); *Berry v. State*, 254 Ga. 101, 104 (1) (326 SE2d 748) (1985). If the court states that it did so, the appellants are entitled to no further appeal.

If the court states that it did not apply the correct standard, then the trial court is to proceed to apply the correct standard. If the trial court then concludes the evidence is sufficient under the correct standard, the appellants are entitled to no further appeal. If the trial court concludes the evidence does not meet the beyond-a-reasonable-doubt standard, the appellees can appeal that judgment if they so desire.

*Judgment affirmed on condition. All the Justices concur.*

DECIDED NOVEMBER 22, 1989.

*Weekes & Candler, Mark G. Burnette,* for appellants.
*Decker & Hallman, Richard P. Decker, Marlene J. Griffith, R. Patrick White,* for appellees.

