A89A2168. PROMENADE ASSOCIATES, LTD. v. FINISH LINE, INC.
(391 SE2d 714)

COOPER, Judge.

In this landlord tenant dispute, the landlord/appellant appeals the trial court's grant of summary judgment to the tenant/appellee.

The shopping center lease at issue reflects the parties' initial agreement that landlord was to provide tenant a "Tenant Allowance" of $13,000 to assist tenant in paying for construction work and tenant improvements desired by tenant. Upon completion of the construction, tenant received the allowance from landlord. During the term of

the lease, tenant was forced to vacate due to fire damage, and pursuant to the terms of the lease, landlord elected to rebuild the premises rather than terminate the lease. Landlord did not pay tenant the negotiated tenant allowance after rebuilding nor were the tenant improvements purchased with the allowance replaced. Tenant refused to resume possession of the rebuilt property when it was tendered to tenant, construing the lease to require payment of the allowance upon reconstruction. This suit followed.

Paragraph 18 (d) of the form, pre-printed lease states, "[i]f Landlord should elect or be obligated to repair or rebuild because of any damage or destruction, Landlord's obligation shall be limited to the basic building and any other work or improvements which may have been originally performed or installed at Landlord's expense as described in Exhibit 'B' hereof. . . . Tenant shall replace all work and improvements originally installed or performed by Tenant at its expense." Exhibit 'B' is a form exhibit setting forth the basic building construction and finish provided by Landlord. Rider No. 6 to the lease, a typewritten amendment to the form, is the agreement for the tenant improvement allowance and reads, "[i]n addition to the finishes outlined on Exhibit 'B' on the Lease Agreement, Landlord agrees to pay Tenant $13,000 as a Tenant Allowance . . . which sum shall be for the sole purpose of assisting Tenant in paying for part of the cost for Tenant to construct the Premises per Tenant's plans." Rider No. 6 then establishes certain construction requirements to be met before tenant would be entitled to the allowance.

Appellant's first three enumerations contest the reasons set forth by the trial judge in granting the appellee's summary judgment motion, and the fourth enumeration asserts that the trial judge erred in not granting the appellant's cross motion for summary judgment. After a review of the record and the numerous briefs filed by counsel, we conclude that the second reason espoused by the trial court supports its decision; consequently our discussion herein is limited to the second enumeration.

The trial court concluded that Paragraph 18 (d) was ambiguous since the contested improvements, though installed by tenant, were at landlord's expense. We agree that the extent of landlord's obligations under Paragraph 18 (d) is ambiguous considering the other provisions cited herein. " '[E]ven ambiguous contracts may be construed by the courts, and a jury question is presented only when the application of the rules of construction fails to resolve the ambiguity.' " *Andrews v. Skinner*, 158 Ga. App. 229, 230 (279 SE2d 523) (1981). The trial court applied the rules of construction found in OCGA § 13-2-2 to correctly determine that after such application, no ambiguity remained in this lease. See *Travelers Ins. Co. v. Blakey*, 180 Ga. App. 520 (349 SE2d 474) (1986). Pursuant to OCGA § 13-2-2 (5), an ambiguity as that

presented here is to be interpreted against the party undertaking the obligation. Since landlord undertook the obligation under the lease to rebuild and repair the premises after the destruction, an interpretation of the extent of its duties should be made favoring the recipient, the tenant. Corollary rules of construction acknowledged in Georgia require construction against a lessor (*Peachtree on Peachtree Investors v. Reed Drug Co.*, 251 Ga. 692 (1) (308 SE2d 825) (1983)) and against the party drafting the agreement. *Farm Supply Co. of Albany v. Cook*, 116 Ga. App. 814 (2) (159 SE2d 128) (1967). These rules similarly support the construction of the lease made by the trial court. Further, "[t]he construction of a contract should be governed by the intent of the parties as expressed in the entire contract. [Cit.]" *Peachtree on Peachtree Investors*, supra. The economic balance of the lease as negotiated presupposed a $13,000 allowance from landlord to tenant. When landlord opted to assume rebuilding and repair obligations, rather than terminate the lease, this economic balance, which was the original intent as expressed in the lease, should have been restored. The grant of summary judgment for tenant/appellee was proper, as was the denial of appellant's motion for summary judgment.

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED MARCH 6, 1990.

*Harman, Owen, Saunders & Sweeney, Timothy J. Sweeney, Craig Nance, Perry A. Phillips,* for appellant.
*Bondurant, Mixson & Elmore, James C. Morton, John E. Floyd,* for appellee.