## A92A1845. McKENNA v. GRAY.
### (428 SE2d 370)

BEASLEY, Judge.

The issue in this appeal is whether the trial court erred by finding in contempt Terry McKenna, executor of the estate of James H. Gray, Sr., and by refusing to find the decedent's widow, Cleair Gray, in contempt. Mrs. Gray filed the contempt action against McKenna, alleging that the estate had failed to comply with certain obligations under a final judgment and decree. McKenna answered and counterclaimed against Mrs. Gray, alleging that her refusal to comply with other terms rendered her in contempt.

James H. Gray, Sr., died testate in September 1986, leaving a widow and three adult children by a prior marriage. Under the terms of his will, in addition to other bequests and devises, a trust was to be established for the benefit of his widow, who was to receive the income for life. Mrs. Gray brought an action against the estate claiming that the will failed to reflect an oral contract made during the decedent's lifetime, in which he had promised to leave her one-third of his shares in a business in which he was the majority shareholder in return for her promise not to divorce him. The parties to that litigation entered into a settlement agreement, which was incorporated into a final decree and judgment entered in March of 1988, and a mutual release was executed contemporaneously.

Under the terms of the settlement agreement, Mrs. Gray was to receive certain outright bequests and devises which were complied with and are not in issue in this appeal. Mrs. Gray was also awarded a judgment against the estate in the amount of $10,000 per month for life in lieu of a lump sum legacy. The agreement provided that "[t]he [e]state . . . may discharge this obligation by making the monthly payments provided for herein or by depositing with a bank or trust company qualified to do business within the state of Georgia security adequate to guarantee such monthly payments. Upon the deposit by the [estate] of such security, counsel of record for CLEAIR GRAY shall execute a satisfaction of judgment in a form acceptable by the Clerk of this Court to evidence the fact that the obligation of this sub-paragraph of this Judgment has been satisfied." The mutual release recited that "[t]he parties hereby agree that the [e]state . . . may satisfy such obligation by purchasing an annuity with a life insurance company having a rating of not less that 'A' according to the *A. M. Best* rating system; such annuity to guarantee the monthly payments to CLEAIR GRAY hereinabove provided."

After entry of the final judgment, McKenna purchased a single premium immediate annuity from Executive Life Insurance Company calculated to pay an amount certain ($10,000) each month for the life of the annuitant, Mrs. Gray, or for 20 years, whichever is later. After

the $10,000 monthly payments had begun, the executor requested that Mrs. Gray execute a satisfaction of judgment. Mrs. Gray's attorneys refused on the ground that as currently structured, the annuity was not adequate to *guarantee* her monthly payments of $10,000, as required by the settlement agreement and mutual release, because federal income tax would be owed on the income component of the payments, and if the estate were to be fully distributed and closed, the Internal Revenue Service would have no choice but to collect those taxes from Mrs. Gray, thereby reducing the amount available to her.[1] Although correspondence was exchanged between the parties' attorneys, no explicit agreement was ever reached regarding the tax liability, and satisfaction of judgment was never executed. Mrs. Gray continued to receive the $10,000 monthly payments, and each year the estate paid the income tax due on the income component of the annuity payments. In April 1991, because of unforeseen financial difficulties, Executive Life reduced the monthly annuity payment to $7,000, whereupon Mrs. Gray called upon the estate to pay the $3,000 monthly difference. The estate refused, and this action ensued.

The trial court was not required to, and did not, make findings of fact. See *PBJ Dev. Co. v. Holben*, 259 Ga. 594 (1) (385 SE2d 658) (1989). However, it found that McKenna was in contempt of the final decree and judgment and required that the estate pay Mrs. Gray arrearages and the net amount of $10,000 per month in the future. Implicit in this order is a construction of the decree adopting the position urged by Mrs. Gray, i.e., that she was guaranteed receipt of the full $10,000 each month; that the annuity purchased was inadequate to fund this entitlement; that she never accepted the annuity as satisfaction of the judgment; and that consequently the estate had violated the terms of the final judgment.

McKenna contends that no provision regarding the tax liability was included in the agreement incorporated into the decree, and therefore, by purchasing from a company meeting the requirements set forth in the mutual release an annuity calculated to pay $10,000 a month for Mrs. Gray's life, the estate discharged its obligations. He argues that by construing the decree as obligating the estate to provide a monthly *net* payment of $10,000 the trial court essentially ordered it to pay the income tax, thereby adding to the decree a term not appearing therein and not contemplated or intended by the parties. This, of course, is prohibited. See *Bettis v. City of Atlanta Civil Svc. Bd.*, 249 Ga. 398, 399 (291 SE2d 507) (1982).

Resolution of this appeal thus depends entirely upon the con-

---

[1] The basis for their concern was the fact that a single premium annuity is purchased with a premium that is, from an actuarial point of view, smaller than the expected return. A portion of the return is therefore income, creating a tax liability.

struction placed on the applicable portions of the final judgment and mutual release. In a contempt case the trial court has wide discretion to determine whether its orders have been violated, and its findings will not be disturbed by a reviewing court absent a gross abuse of discretion. *Davis v. Davis*, 250 Ga. 206, 207 (296 SE2d 722) (1982); *Cook v. Thomas*, 175 Ga. App. 836 (334 SE2d 727) (1985). Thus, if there is any evidence to support the trial court's ruling, it must be affirmed. *Crowder v. Crowder*, 236 Ga. 612 (225 SE2d 16) (1976).

The settlement agreement is a contract, the construction of which is a matter of law for the court. OCGA § 13-2-1. No construction is required, or allowed, if the language of the contract itself is unambiguous and capable of only one meaning. *Crooks v. Crim*, 159 Ga. App. 745, 748 (285 SE2d 84) (1981). A contract is not ambiguous, even if difficult to construe, unless it remains so after application of the pertinent rules of construction. Among those rules are that if instruments are executed at the same time in the course of the same transaction, they should be read and construed together. *Interstate Fire Ins. Co. v. Nat. Indem. Co.*, 157 Ga. App. 516, 518 (277 SE2d 802) (1981).

The settlement agreement incorporated into the final judgment and decree and the mutual release were executed at the same time and in the course of the same transaction, and must be read together. Moreover, contracts are to be construed against the party undertaking the obligation, OCGA § 13-2-2 (5), and against the drafter, see *Promenade Assoc., Ltd. v. Finish Line*, 194 Ga. App. 741, 742-743 (391 SE2d 714) (1990). In this case, the estate drafted the agreement and mutual release and undertook the obligation to pay $10,000 per month to Mrs. Gray.

Most importantly, the cardinal rule of contract interpretation, which takes priority over other rules, see *Paul v. Paul*, 235 Ga. 382, 384 (219 SE2d 736) (1975), is to ascertain and carry out as nearly as possible the intent of the parties. OCGA § 13-2-3.

The settlement agreement clearly provided that the estate was to pay Mrs. Gray $10,000 per month, and it was obviously the intent of the parties that Mrs. Gray have the use of the entire $10,000. The method of accomplishing this was left up to the estate. It could either hold the estate open, and pay Mrs. Gray the $10,000 from estate assets each month or, if it wished, it could deposit security "adequate to guarantee" that she would receive $10,000 per month. The mutual release particularizes certain requirements for any annuity to be used as security.

Contrary to McKenna's contention, the fact that the insurance company from which the estate purchased the annuity met these requirements was not a conclusive, but only a necessary, condition in meeting the estate's obligation to Mrs. Gray. The annuity was re-

quired, in addition, to be "adequate to guarantee" payment of $10,000 per month. If Mrs. Gray were required to pay taxes on the income portion of the monthly payments, she would not be "guaranteed" her full $10,000 per month. It would be contrary to the parties' expressed intention to construe the release as authorizing the estate to purchase an annuity in an inadequate amount, so long as the company from which the annuity was purchased met the stated requirements.

Moreover, Mrs. Gray communicated to McKenna her understanding of the agreement when she refused to execute the satisfaction of judgment absent an assurance that the estate would undertake liability for any taxes due. The estate's subsequent silence and continued payment of the taxes operated as its acquiescence in that understanding. *Salvatori Corp. v. Rubin*, 159 Ga. App. 369, 373 (3) (283 SE2d 326) (1981). OCGA § 13-2-4 provides that "[t]he intention of the parties may differ among themselves. In such case, the meaning placed on the contract by one party and known to be thus understood by the other party at the time shall be held as the true meaning."

We find correct, therefore, the trial court's implicit findings that the estate was required to pay Mrs. Gray a full $10,000 each month and that the annuity was inadequate to guarantee that result. It follows that the trial court did not abuse its discretion by holding McKenna, as executor, in contempt of the final judgment and decree and by failing to hold Mrs. Gray in contempt of the decree for her refusal to execute a satisfaction of judgment.

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED FEBRUARY 4, 1993 —
RECONSIDERATION DENIED FEBRUARY 23, 1993 — ▮▮▮▮▮▮▮▮

*Heyman & Sizemore, William H. Major, William B. Brown, Robert B. Langstaff*, for appellant.
*Thomas W. Malone, Lawrence J. Pond*, for appellee.