S93A0769. MATHIS v. CORRUGATED GEAR & SPROCKET, INC.
(435 SE2d 209)

BENHAM, Justice.

This is an appeal from an order holding appellant in contempt of an earlier consent order entered in the trial court, and ordering him to pay a fine of $25,000. After leaving appellee's employ, appellant started a competing business selling the same machine parts appellee sold. The parts are manufactured by a third party from drawings developed by appellee. Previous litigation between the parties concluded with a consent order which found the drawings to be appellee's

trade secrets and enjoined appellant from "revealing, using, or otherwise exploiting the drawings of the parts shown on [appellee's] parts list. . . ." After returning briefly to appellee's employ, appellant again started a competing business. When it discovered that appellant, by means of a subterfuge, was again buying parts from the company which made the parts from appellee's drawings, appellee filed this contempt action. For the reasons which follow, we affirm the finding of contempt and affirm the imposition of a fine on condition it be reduced to the statutory maximum.

1. Based on the trial court's excision from the original order of a provision retaining jurisdiction in that court, appellant moved for dismissal of the contempt action on the ground of lack of jurisdiction. The denial of that motion is enumerated as error.

> The theory upon which the right of a court to punish for contempt is [based], [is] that "Every court has power to compel obedience to its judgments, orders, and processes." [Cit.] It necessarily follows that, "Only the court offended . . . has power to punish for the contempt, or to entertain proceedings to that end." [Cit.]

*Goodrum v. Goodrum*, 202 Ga. 135 (4) (42 SE2d 450) (1947). Since the trial court, as a matter of law, retained jurisdiction for the purpose of enforcing its decree, it made no difference that the trial court's order did not contain a specific provision to that effect. There was no error in the trial court's refusal to dismiss this action for lack of jurisdiction.

2. Appellant contends on appeal that the trial court unlawfully expanded the consent order by concluding that appellant's "actions in obtaining for resale and selling in direct competition with Plaintiff the parts listed on [appellee's parts list] . . . constitute use and exploitation of the drawings" and that appellant's "actions in obtaining for resale and selling in direct competition with plaintiff the parts" on appellee's parts list constituted a wilful violation of the consent order. Appellee's argument that the contempt order forbids him to obtain the parts from any source ignores the context of the conclusion quoted above. When the conclusion is taken in context with the trial court's findings, it is clear that the actions to which the trial court referred were those by which appellant was involved in the creation of an entity which existed solely to buy parts from the company which made them from appellee's drawings. Considering the order as a whole, it does not expand the original consent order and may not be reasonably read to forbid appellant from procuring from other sources and selling the type of parts which he sells.

3. Appellant's contention that the consent order was not suffi-

ciently definite to inform him of what behavior was forbidden is belied by the extent to which he resorted to subterfuge to obtain for resale parts made from appellee's drawings. Furthermore,

> [i]f the defendant is in doubt as to what acts he may or may not do under the order, he should request a modification or construction of its terms. If he proceeds under his own construction, he does so at his own peril. [Cits.]

*General Teamsters Local 528 v. Allied Foods*, 228 Ga. 479 (2) (186 SE2d 527) (1971). Appellant did not avail himself of the protective procedures suggested above and will not, therefore, be heard to complain that he did not understand the order to which he earlier consented.

4. Having contended that appellee was not entitled to any equitable relief because of its unclean hands, appellant attempted to show at trial that the consent order of which he was found to be in wilful contempt was only part of a larger transaction in which appellee had behaved in bad faith. However, there is nothing in the order itself to indicate that it was dependent on any other agreement or document.

> In this connection, this court has held: "The unclean-hands maxim which bars a complainant in equity from obtaining relief has reference to an inequity which infects the cause of action so that to entertain it would be violative of conscience. It must relate directly to the transaction concerning which complaint is made . . . The rule . . . refers to equitable rights respecting the-subject-matter of the action. [Cit.] It does not embrace outside matters." [Cit.]

*Partain v. Maddox*, 227 Ga. 623 (4a) (182 SE2d 450) (1971). The subject matter of this action was appellant's violation of the prohibition contained in the consent order, as to which appellant has offered no evidence of unclean hands on appellee's part. Accordingly, we find no error in the trial court's refusal to permit appellant to present evidence regarding appellee's conduct in matters related but extrinsic to the subject matter of this action.

5. In the course of arguing that the evidence was not sufficient to authorize a finding of contempt, appellant correctly points out that the record does not indicate whether the trial court applied the beyond-reasonable-doubt standard which is applicable to criminal contempt cases. See *In re Crane*, 253 Ga. 667 (324 SE2d 443) (1985). We therefore vacate the judgment of contempt and remand the case to the trial court for application of that standard. *Life for God's Stray*

*Animals v. New North &c.*, 256 Ga. 338 (2) (349 SE2d 184) (1986).[1]

6. Finally, appellant complains of the amount of the fine imposed by the trial court. We agree that the fine of $25,000 is in excess of the statutory maximum and must be vacated. Superior courts are given authority by OCGA § 15-6-8 (5) "[t]o punish contempt by fines not exceeding $500.00 . . ." On remand, if the trial court concludes that the evidence is sufficient to find appellant in contempt of the consent order beyond a reasonable doubt, it may then impose a fine not exceeding $500.

*Judgment vacated and case remanded with direction. Clarke, C. J., Fletcher, Sears-Collins, Carley, JJ., and Judge Richard W. Story concur; Hunstein, J., concurs in the judgment only. Hunt, P. J., disqualified.*

DECIDED OCTOBER 12, 1993.

*Lefkoff, Duncan, Grimes & Dermer, Joseph Lefkoff, Kimberly A. Richardson,* for appellant.

*Branch, Pike & Ganz, Robert N. Dokson, Barry G. Roberts, Burt DeRieux,* for appellee.

---

[1] In *PBJ Dev. Co. v. Holben*, 259 Ga. 594 (3) (385 SE2d 658) (1989), this court utilized a remedy it found to be a more efficient use of judicial resources: it first concluded that the evidence was sufficient to find the appellant in contempt beyond a reasonable doubt, then remanded the case to the trial court to either indicate that it had already used the correct standard, in which case the judgment was affirmed, or to apply the correct standard. In the latter event, there would be no further appeal if the trial court found the evidence sufficient, but the appellee would be entitled to an appeal in the event the trial court found the evidence did not meet that standard. Since this court had already found the evidence sufficient, such an appeal by the appellee would have been futile, as was the remand as a whole. That being so, the procedure mandated by *PBJ Dev. Co.*, supra, will no longer be followed.