S93G0855. McKENNA et al. v. GRAY.

(438 SE2d 901)

CLARKE, Chief Justice.

The Court of Appeals affirmed the trial court's order holding the executor in contempt. *McKenna v. Gray*, 207 Ga. App. 444 (428 SE2d 370) (1993). We granted certiorari. Respondent is the widow of James H. Gray, who died testate in September 1986. Under the terms of the will, a trust was to be established for the benefit of Mrs. Gray. Respondent brought an action to enforce an alleged oral agreement she made with Mr. Gray. She alleged that the decedent promised to leave her one-third of his shares in a business in which he was the majority shareholder in return for her promise not to divorce him. The estate settled with Mrs. Gray, and the parties executed a settlement agreement and mutual release in March 1988.

The estate agreed to pay Mrs. Gray $10,000 per month for life instead of a lump sum legacy. As part of the structured settlement

---

the agreement provided:

> The Estate of James H. Gray may discharge this obligation by making the monthly payments provided for herein or by depositing with a bank or trust company qualified to do business within the state of Georgia security adequate to guarantee such monthly payments. Upon the deposit by the defendant of such security, counsel of record for Cleair Gray shall execute a satisfaction of judgment in a form acceptable by the Clerk of this court to evidence the fact that the obligation of the sub-paragraph of this Judgment has been satisfied.

The mutual release recited the following:

> The Estate . . . may satisfy such obligation by purchasing an annuity with a life insurance company having a rating of not less than "A" according to the A.M. Best rating system; such annuity to guarantee the monthly payments to Cleair Gray hereinabove provided, and said annuity to be placed for safekeeping with Bank South.

McKenna, as executor, purchased a single premium immediate annuity from Executive Life Insurance Company calculated to pay $10,000 per month to Mrs. Gray. After the payments began, McKenna requested that Mrs. Gray sign a "satisfaction of judgment." Mrs. Gray's attorneys refused to sign. They claimed that the annuity did not result in an after-tax payment of $10,000 because of the tax liability of the income component of the annuity. If the estate were fully distributed, the Internal Revenue Service would have no choice but to collect the taxes from Mrs. Gray.

Mrs. Gray continued to receive the monthly payments, and each year the estate paid the federal income tax due. In April 1991, however, because of financial difficulties, Executive Life Insurance reduced the monthly annuity payments to $7,000. Mrs. Gray called upon the estate to pay the $3,000 difference in each monthly payment. The estate's refusal gave rise to this action. The trial court made no findings of fact but held McKenna in contempt of the final decree and judgment. The Court of Appeals affirmed this judgment. From this decision, McKenna filed a petition for writ of certiorari to the Court of Appeals. Because we view the trial court's consent judgment as analogous to a money judgment, we granted the writ to decide whether the Court of Appeals improperly sanctioned the use of contempt.

"The proper administration of justice demands that courts have the power to enforce their orders and decrees by contempt proceed-

ings." *Griggers v. Bryant*, 239 Ga. 244, 246 (236 SE2d 599) (1977). Normally, however, a money judgment may be enforced only by execution thereon, not by contempt proceedings. *London v. London*, 149 Ga. App. 805 (1) (256 SE2d 33) (1979). In certain cases, a contempt order is the only remedy available for a party trying to collect a money judgment. *Warehouse Carpet Sales &c. v. S. C. J. Assoc.*, 170 Ga. App. 352 (317 SE2d 328) (1984) (upholding a contempt order for enforcement of an interlocutory consent order).

In the early case of *Clements v. Tillman*, 79 Ga. 451, 454 (5 SE 194) (1888), the court wrote:

> [W]hen a party is decreed to perform a duty or to do any act, other than the mere payment of money, which the court has jurisdiction to adjudge he shall do, if he disobeys, the authority of the court is defied; he is guilty of contempt . . . . But if a court of equity should render a simple decree for money, on a simple money verdict, — a decree which it may now enforce by the ordinary common law process against property, the failure to pay the decree would not be a contempt, nor could compulsory process against the person of the party in default be resorted to to enforce payment.

This court later elaborated on the contempt power of the courts in *Ryan v. Kingsberry*, 88 Ga. 361 (3) (14 SE 596) (1891). Although the court upheld the contempt order for failure to pay a money judgment, the court distinguished that case from the general rule. In *Ryan*, the plaintiff brought an action under the insolvent debtors act that provided for the appointment of a receiver to dispose of all of the debtor's property. The court held that the act authorized the court to use its contempt power where the debtor refused to pay its money. Unlike other simple money judgment cases, this case had statutory authority. See also *London v. London*, supra.

Later cases came to the same conclusions. In *Everett v. Sparks*, 107 Ga. 48 (32 SE 878) (1899), the court of ordinary entered a money judgment against Sparks, administrator of the estate, in favor of the heirs. Subsequently, the heirs filed an attachment proceeding for contempt. On appeal to the superior court, the judge dismissed the action stating that the defendant was not subject to an attachment for contempt for failure to pay a money judgment. The Supreme Court affirmed stating that mere money liabilities, where no specific fund is involved, are enforceable only by execution against the property, and not by attachment against the person.

In *Paschal v. Melton*, 174 Ga. 910 (164 SE 757) (1932), the defendant obtained an estate's letters of administration by fraudulent representations. He misappropriated some money and deposited it in

a bank that failed. An heir sued and obtained a judgment in the court of ordinary. When he refused to pay, the court held him in contempt. On appeal, this court reversed, holding that mere money liabilities are enforceable only by execution against the property, and not by attachment against the person. This decision extended the rule from *Clements*, which applied only to equity courts, to courts of ordinary.

Respondent argues that these cases are inapposite because the judgment in the present case involved a structured settlement, requiring future payments to be made throughout her lifetime. We are not persuaded that this is a distinction with a difference. In her petition for contempt, Mrs. Gray sought payment in the amount the estate was in arrears; she does not allege any other violation of the trial court's order. Because she seeks only the money owed under the final judgment, her claim is essentially nothing more than one to enforce a money judgment. Furthermore, this is not a case, as the appellee suggests, analogous to judgments of child support and alimony, the failure of which to pay may constitute contempt of court. In those cases, a statute specifically provides for the imposition of contempt sanctions. E.g., OCGA § 19-6-4. For enforcement of a final decree of a money judgment, there is no statute authorizing contempt.

In the absence of statutory authority or other extraneous circumstances, contempt is not an available remedy to enforce a money judgment. The contempt sanctions were inappropriately applied against appellant in this case. The judgment of the Court of Appeals upholding the contempt sanction is therefore reversed.

*Judgment reversed. All the Justices concur.*

DECIDED JANUARY 31, 1994.

*Heyman & Sizemore, William H. Major, William B. Brown, Langstaff & Plowden, Robert B. Langstaff,* for appellants.
*Thomas W. Malone, Lawrence J. Pond,* for appellee.