A07A1391. RICE et al. v. LOST MOUNTAIN HOMEOWNERS ASSOCIATION, INC. et al.

(655 SE2d 214)

MIKELL, Judge.

On April 15, 2003, Lost Mountain Homeowners Association, Inc., and Architectural Control Committee of the Lost Mountain Township Homeowners Association (collectively, the "Association") obtained a permanent injunction (the "Final Order") against homeowners J. Andrew Rice and Kathryn W. Rice, in the Association's action against the Rices for constructing and maintaining a fence in violation of the Association's restrictive covenants. In its Final Order, affirmed by this Court in *Rice v. Lost Mountain Homeowners Assn.*[1] (*"Rice I"*), the trial court found that the fence erected by the Rices was in violation of restrictive covenants to which their land was subject; and the court ordered the Rices to bring the offending fence into compliance and to pay attorney fees, expenses and costs of court for bad faith pursuant to OCGA § 13-6-11.[2] Upon remittitur to the trial court, the Association moved for contempt and, following a hearing, the court found the Rices in contempt on June 8, 2006, and ordered them incarcerated until they should purge their contempt by complying with the Final Order, that is, by bringing the offending fence into compliance and paying attorney fees, expenses, and costs of court.[3] The Rices, appearing pro se, appeal from this contempt order and other orders entered by the trial court. We affirm the rulings of the trial court.

1. In their first enumeration of error, the Rices assert that the trial court erred in holding them in contempt and ordering their incarceration until they purge themselves of their contempt by bringing their fence into compliance with the Association covenants and by paying attorney fees and expenses plus costs of court. We disagree.

The Rices first assert, without citing authority, that the Final Order is void. The Final Order has been affirmed by this Court, as noted above, and is now the law of the case in this matter.[4] Thus, their argument fails.

---

[1] 269 Ga. App. 351 (604 SE2d 215) (2004). The Rices' motion for reconsideration in *Rice I* was denied by this Court on August 31, 2004, and the Rices' petition for certiorari was denied on November 22, 2004.

[2] Id. at 352, 355 (5).

[3] The contempt order was amended on June 9, 2006, in order to show the location of the subject property.

[4] OCGA § 9-11-60 (h) ("any ruling by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court or the Court of Appeals as the case may be").

(a) The Rices argue that the trial court abused its discretion by holding them in contempt. The Rices were not found to be in criminal contempt of court, but in civil contempt. The law in such cases is as follows:

> A trial court has wide discretion in determining whether its orders have been violated and such determination will not be disturbed absent a gross abuse of discretion. If there is any evidence in the record to support a trial judge's determination that a party either has or has not wilfully disobeyed the trial court's order, the decision of the trial court will be affirmed on appeal.[5]

In the case at bar, the trial court made its findings and its adjudication of contempt based on a hearing held June 7, 2006. Both parties were given notice of this hearing, but the Rices elected not to attend, stating in their response pleading filed June 5, 2006, that they "must not give Judge Grubbs' [sic] actions the appearance of legitimacy by attending said hearing." At the hearing, the trial court found that the Rices' fence continued to be in violation of the Final Order; that the Rices had the means and ability to comply with the Order; and that the Rices had deliberately and wilfully refused to comply with the Final Order. The Rices have failed to sustain their burden of showing error by the record,[6] because no transcript of this hearing has been included in the appellate record. In the absence of a transcript, this Court must assume that the trial court properly exercised its discretion in finding the Rices in contempt.

> Without a transcript or an agreed-upon statement of the events at the [contempt] hearing, we must presume the trial judge ruled correctly on all issues presented and that the evidence was sufficient to support the judgment. We cannot consider factual assertions in briefs that are not supported by the record. And parties cannot supplement the record by attachments to their briefs.[7]

---

[5] (Citation omitted.) *Schroder v. Murphy*, 282 Ga. App. 701, 704 (2) (639 SE2d 485) (2006).

[6] See id.

[7] (Citation and punctuation omitted.) Id. at 704-705 (2). See also *Rice v. Cannon*, 283 Ga. App. 438 (1) (641 SE2d 562) (2007) ("*Rice II*"). In *Rice II*, this Court affirmed the trial court's dismissal of the Rices' pro se complaint (id. at 438) against Cannon, the president of the Association (id. at 441 (1)), as sanction for the Rices' failure to appear at their duly-noticed depositions. The dismissal was based on a hearing, but the Rices failed to include a transcript of the hearing in the record on appeal. In the absence of a transcript of the hearing, this Court assumed that the trial court properly exercised its discretion in granting the motion to impose the sanction of dismissal. Id. at 438 (1).

(b) The Rices argue that they cannot be held in contempt for failure to pay attorney fees, expenses, and costs of court. This argument ignores the fact that they were not held in contempt solely for failure to pay these costs, but for their deliberate refusal, maintained over several years, to bring their fence into compliance with the restrictive covenants, as required by the Final Order. The Final Order also awarded attorney fees based on bad faith under OCGA § 13-6-11. As we have already noted, this award of attorney fees was affirmed by this Court.[8] Thus, the cases cited by the Rices, which concern contempt citations based on failure to pay a simple money judgment, are inapposite to the case at bar.[9] The trial court found in its contempt order that the Rices had the ability to purge themselves of their contempt, and, as discussed in Division 1 (a) above, in the absence of a transcript of the contempt hearing in the record before us, "this Court assumes that the trial court's findings were supported by the evidence."[10]

2. The Rices contend that, due to pending appeals, the trial court was without jurisdiction to enter the contempt order against them. They have failed, however, to support this enumeration of error by citations to the record, by argument, or by citations to authority, as required by Rule 25 of this Court. This enumeration of error is therefore deemed abandoned as provided under Rule 25 (c) (2) and (c) (3) (i) of this Court.

3. The Rices enumerate as error the trial court's "ignoring" their recusal motions. The Rices' various recusal motions were not ignored, however; they were denied. The Rices have not supported this enumeration of error with appropriate argument and citation to the record as required by our Rule 25 (c) (2) and (c) (3) (i). Therefore, because there is nothing before us to review, we deem this enumeration of error abandoned.[11]

4. The Rices' fourth enumeration of error asserts that the trial court was precluded from enforcing the Final Order because the Rices had petitioned for a writ of prohibition against Judge Grubbs on January 14, 2005. The writ of prohibition was denied, however, and the denial was affirmed by our Supreme Court on January 8, 2007.[12]

---

[8] *Rice I*, supra at 355-356 (5).

[9] See, e.g., *McKenna v. Gray*, 263 Ga. 753, 756 (438 SE2d 901) (1994) (contempt was not an available remedy to enforce money judgment against executor of estate); *London v. London*, 149 Ga. App. 805, 806 (1) (256 SE2d 33) (1979). Compare *Wright v. Stuart*, 229 Ga. App. 50, 51 (2) (494 SE2d 212) (1997) (court could enforce by contempt its order requiring defendant to bring his garage into compliance with restrictive covenants and to pay attorney fees).

[10] (Punctuation and footnote omitted.) *Collier v. D & N Trucking Co.*, 273 Ga. App. 271, 272 (614 SE2d 801) (2005).

[11] See *Chastain v. State*, 239 Ga. App. 602, 606 (3) (521 SE2d 657) (1999).

[12] *Rice v. Grubbs*, 281 Ga. 614 (641 SE2d 514) (2007).

Further, we note that the Rices have failed to provide any citations to the record or citations to authority in support of this enumeration of error. Therefore, pursuant to our Rule 25 (c) (2) and (c) (3) (i), this enumeration is deemed abandoned as well.

5. The Rices have failed to enumerate any error or make any arguments or citations of authority as to the remaining orders of the trial court which were listed in the Rices' notice of appeal as amended. Thus, under Rule 25 of this Court, their appeal as to these orders is deemed abandoned.

6. The Rices have incorporated various motions in the body of their brief and reply brief, in violation of our Rule 41 (b). As provided in that Rule, we will not consider these motions.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED NOVEMBER 1, 2007 —
RECONSIDERATION DENIED DECEMBER 3, 2007 — 

J. Andrew Rice, *pro se.*
Kathryn W. Rice, *pro se.*
*Brock, Clay, Calhoun & Rogers, Richard W. Calhoun,* for appellees.