## A09A0129. BACKUS v. BACKUS.
### (682 SE2d 138)

SMITH, Presiding Judge.

A father appeals from a probate court order finding him in wilful contempt for failing to repay money he improperly withdrew from his daughter's custodial account and threatening to jail him if he did not purge himself of the contempt by a certain date. Because the probate court was not authorized to exercise its contempt power under the circumstances presented here, we are constrained to reverse.

The record reveals that Kay Backus, on behalf of her minor daughter, Kelsey Backus, filed suit in the Superior Court of Henry County against Kelsey's father, Gordon Backus, for an accounting and for theft and conversion. The superior court transferred the demand for an accounting to the probate court and reserved ruling on the theft and conversion claim until after "receipt of an official accounting" from the probate court. Following a hearing, the probate court found that Gordon, custodian of Kelsey's banking account established under the Georgia Transfers to Minors Act,[1] withdrew $105,078 from the account for his personal use, including "the purchase of an automobile, payment of his personal apartment and residence, travel and attorney's fees." The court then directed Gordon to reimburse his daughter $127,930.69 ($105,078 plus simple and post-judgment interest) and to transfer the balance of the account to the county guardian.

When Gordon failed to pay,[2] Kay filed a motion for contempt. Following a hearing on the motion, the probate court found Gordon in wilful contempt of its earlier order and ruled that he could only purge himself of the contempt by (1) liquidating a retirement account and paying the amount to the county custodian, (2) executing a promissory note to the county custodian for any difference

---

[1] OCGA § 44-5-110 et seq.

[2] Gordon apparently transferred the balance of the account following a separate motion for contempt filed by Kay.

between the amount liquidated and the $127,930.69 owed, and (3) executing a promissory note giving the county custodian a security interest in certain real estate he owned. The probate court ordered further that if Gordon did not purge himself of the contempt by accomplishing these tasks by a certain date, he could be jailed for contempt.

1. In his first enumeration, Gordon contends that because the probate court's order requiring him to pay the sum of $127,930.69 constituted a money judgment, the court erred in using its contempt powers to compel him to pay. We agree.

> When a party is decreed to perform a duty or to do any act, other than the mere payment of money, which the court has jurisdiction to adjudge he shall do, if he disobeys, the authority of the court is defied; he is guilty of contempt. But if a court of equity should render a simple decree for money, on a simple money verdict, — a decree which it may now enforce by the ordinary common law process against property, the failure to pay the decree would not be a contempt, nor could compulsory process against the person of the party in default be resorted to to enforce payment.

(Citation and punctuation omitted.) *McKenna v. Gray*, 263 Ga. 753, 755 (438 SE2d 901) (1994); see *London v. London*, 149 Ga. App. 805, 806-807 (1) (256 SE2d 33) (1979); OCGA § 23-4-37 (decree for money is enforced by execution and decree for performance of duty is enforced by attachment against the person for contempt or other process).

Here, the probate court ordered Gordon to pay the amount he misappropriated from his daughter's custodial account plus interest. The judgment was therefore for the payment of money, which cannot be enforced by an action for contempt. See *McKenna*, supra; *Hill v. Paluzzi*, 261 Ga. App. 123, 126-127 (2) (581 SE2d 730) (2003) (failure to pay $60,000 pursuant to consent decree cannot be grounds for contempt ruling); see also *Paschal v. Melton*, 174 Ga. 910, 912 (164 SE 757) (1932) (probate court erred in jailing party for contempt for failing to pay money judgment). Kay argues, as did the appellee in *McKenna*, supra, that the judgment here is analogous to judgments ordering the payment of alimony and child support, the failure of which can constitute contempt. Id. at 756. But in those cases, the use of contempt to enforce a judgment for the payment of money is specifically allowed by statute. Id.; see *Webb v. Watkins*, 283 Ga. App. 385, 386 (1) (641 SE2d 611) (2007); OCGA § 19-6-28 (a) (court has power to use contempt to enforce its orders in alimony and child

support cases).[3]

Because the general rule is that contempt is not an available remedy to enforce the payment of a money judgment, the trial court's use of its contempt power here, in the absence of statutory authority, was not authorized. We therefore reverse.

2. In light of our holding in Division 1, Gordon's remaining enumerations are rendered moot.

*Judgment reversed. Phipps and Bernes, JJ., concur.*

DECIDED JUNE 23, 2009 —
RECONSIDERATION DENIED JULY 15, 2009.

*Sherrod G. Patterson*, for appellant.
*Michael E. Sumner*, for appellee.

---

[3] We also acknowledge that the trial court's use of contempt to enforce a money judgment may be authorized where the order to pay is interlocutory in nature. See *Hamilton Capital Group v. Equifax Credit &c.*, 266 Ga. App. 1, 5 (2) (596 SE2d 656) (2004); *Warehouse Carpet &c. v. S. C. J. Assoc.*, 170 Ga. App. 352, 352-353 (1) (317 SE2d 328) (1984). But this is a narrow exception. *Hamilton Capital Group*, supra.