**SECOND DIVISION**
**RICKMAN, C. J.,**
**MILLER, P. J., PIPKIN, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**March 2, 2022**

# In the Court of Appeals of Georgia

A22A0164. DANIEL v. DANIEL.

MILLER, Presiding Judge.

This is the second appearance before this Court of this contentious inheritance dispute between Jason Daniel and Corlis Daniel, acting in her capacity as the executor of the Estate of Timothy Ray Daniel. See *Daniel v. Daniel*, Case No. A19A1729 (Decided Jan. 10, 2020). Jason[1] seeks review of the trial court's order that held him in civil contempt and also awarded Corlis attorney fees under OCGA § 9-15-14 (b). Jason argues that the trial court erred in holding him in contempt because contempt cannot be used as punishment for failure to obey a court order to pay money damages. We agree and reverse the contempt citation and the award of attorney fees.

As a general rule, where an order of civil contempt is supported by at least some evidence, we will not disturb that order absent an abuse of

---

[1] For ease of reference, we will refer to the parties by their first names.

discretion by the trial court. Such an abuse of discretion occurs where the trial court either fails to apply or misapplies the relevant law. Additionally, to the extent that the question of the validity of a contempt order involves a question of law, we review that question de novo.

(Citations omitted.) *Rocker v. First Bank of Dalton*, 343 Ga. App. 501, 501-502 (806 SE2d 884) (2017).

According to the record, Corlis and Timothy were previously married, and Timothy passed away in 2013 during their divorce proceedings. After Corlis became the executor for Timothy's estate, she filed an action to recover much of his personal property from his family members, including Jason. Following a bench trial, the trial court awarded the estate $69,000 in damages against Jason and ordered him to return a boat trailer and a yellow trailer.

Jason appealed from the final order, and the trial court dismissed his appeal for failing to file a transcript. See *Daniel v. Daniel*, Case No. A19A1729 (Decided Jan. 10, 2020). Jason appealed the dismissal of his appeal, and we vacated the trial court's dismissal of his appeal because the court failed to make the requisite findings of fact. See id. Jason later voluntarily dismissed his notice of appeal from the bench trial judgment pursuant to a private settlement agreement. According to the settlement agreement, in exchange for Jason's dismissal of his appeal, the estate agreed to reduce

the amount of the judgment from $69,000 to $15,000. The agreement also provided that Corlis was entitled to items of personal property located at Jason's residence – namely, the two trailers mentioned in the judgment, a tractor, hay balers, and a hay rake.

Soon after, Corlis filed a motion to enforce the settlement agreement. In her motion, Corlis alleged that, when she went to pick up the property, the floor boards in the yellow trailer had been stripped away and were missing. When Corlis demanded that Jason pay her $1,380.30 to replace the floorboards, Jason attempted to pay that amount with two buckets of coins, which Corlis refused to accept. Following a telephone conference, the trial court granted Corlis' motion to enforce the settlement agreement. The trial court concluded that Jason breached the settlement agreement by removing the floorboards from the trailer, and the trial court awarded Corlis $4,880.30, which consisted of payment for the missing floorboards, labor costs to replace the floorboards, and attorney fees. The trial court ordered Jason to make the payment within 20 days.

After Jason failed to make any payments within 20 days, Corlis filed a motion to hold him in contempt and for the trial court to award attorney fees under OCGA § 9-15-14 (b) because Jason lacked substantial justification for his actions, his actions delayed enforcement of the judgment, and he unnecessarily expanded the proceedings

3

by his improper conduct. To support her request for attorney fees, Corlis submitted an affidavit from her attorney wherein the attorney averred that Corlis incurred $3,841.08 in attorney fees for the "preparation and prosecution of the Motion for Contempt." After a hearing, the trial court granted Corlis' motion. The trial court first concluded that contempt was a proper remedy because its order enforcing the settlement agreement did not constitute a "money judgment." The trial court then found Jason in willful contempt of its prior order and ordered Jason incarcerated if he did not pay the $4,880.30 within 10 days.[2] The trial court further awarded Corlis $3,841.08 in attorney fees under OCGA § 9-15-14 (b). This appeal followed.

In his sole enumeration of error, Jason argues that the trial court erred in finding him in contempt because contempt is not an available remedy for the failure to pay money damages. We agree.

> When a party is decreed to perform a duty or to do any act, other than the mere payment of money, which the court has jurisdiction to adjudge

---

[2] We note that, because the trial court ordered a conditional punishment to coerce compliance with its previous orders, it was an order finding Jason in civil contempt. See *Stardust, 3007, LLC v. City of Brookhaven*, 348 Ga. App. 711, 712 (824 SE2d 595) (2019) ("The distinction between criminal and civil contempt is that criminal contempt imposes unconditional punishment for prior contempt to preserve the court's authority and to punish disobedience of its orders. Civil contempt, on the other hand, is conditional punishment which coerces the contemnor to comply with the court order.") (citation omitted).

he shall do, if he disobeys, the authority of the court is defied; he is guilty of contempt. But if a court of equity should render a simple decree for money, on a simple money verdict, a decree which it may now enforce by the ordinary common law process against property, the failure to pay the decree would not be a contempt, nor could compulsory process against the person of the party in default be resorted to to enforce payment.

(Citation and punctuation omitted.) *Backus v. Backus*, 299 Ga. App. 122, 123 (1) (682 SE2d 138) (2009).

Here, the trial court's order enforcing the parties' settlement agreement found Jason in breach of that settlement agreement due to his removal of the trailer's floorboards and ordered him to pay $4,880.30 to compensate Corlis for his actions. The order thus essentially directed Jason to pay a sum certain as damages for his breach of the contract, "a payment akin to a money judgment." *Hill v. Paluzzi*, 261 Ga. App. 123, 126 (2) (581 SE2d 730) (2003). "The judgment was therefore for the payment of money, which cannot be enforced by an action for contempt." *Backus*, supra, 299 Ga. App. at 123 (1) (order directing party to pay amount that he misappropriated from his daughter's custodial account was not enforceable by contempt); see also *Hill*, supra, 261 Ga. App. at 126 (2) (contempt was not an available remedy to punish failure to make a $60,000 payment required by a

5

settlement agreement). Because "the trial court's use of its contempt power here, in the absence of statutory authority, was not authorized[,]" *Backus*, supra, 299 Ga. App. at 124 (1), the trial court abused its discretion by finding Jason in contempt.

Additionally, because we reverse the finding of contempt, we must also reverse the trial court's award of attorney fees because it is inextricably linked with the contempt citation. As the affidavit from Corlis' attorney makes clear, Corlis sought attorney fees only for the prosecution of her contempt motion. Because contempt was not an available remedy to enforce the trial court's order on the motion to enforce the settlement agreement, we must similarly reverse the attorney fee award.

We therefore reverse the trial court's order holding Jason in contempt and awarding attorney fees.[3]

*Judgment reversed. Rickman, C. J., and Pipkin, J., concur.*

---

[3] We note that our opinion should not be read to condone the acts Jason allegedly committed during the course of these proceedings.